### Henry et al. vs. Steele, Judge.

Courts of Equity : *When cannot enjoin proceedings of county officers, etc.*
Courts of equity have no jurisdiction to enjoin the proceedings of the officers of a county and vacate its organization, where such organization does not interfere with some individual right; the state, on *quo warranto*, is the only proper party to inquire into the right of county officers to exercise their official functions in disputed territory, or to determine the number of square miles contained in a county.

PETITION for Prohibition.
*A. H. Garland* and *D. W. Jones*, for petitioner.
*Rose & Green* and *H. B. Stewart*, for defendant.

BENNETT, J. On the 13th day of September, 1873, Samuel Henry et al. filed in the office of the clerk of this court, a petition praying for a writ of prohibition against Thomas G. T. Steele, judge of the 8th judicial circuit. The petition alleges that, on the 11th day of August, 1873, Mathew W. Locke et al., citizens of Sevier county, presented a complaint in equity to Thomas G. T. Steele, judge of the 8th judicial circuit, to

enjoin the acts and proceedings of certain officers of Howard county, and to declare the organization of said county illegal, and the law creating the same unconstitutional. This complaint made Henry et al. defendants.

Henry et al. appeared and filed their answer and demurrer, accompanied with the affidavits of several parties. Upon the hearing, Judge Steele neither denied nor refused the prayer of the complainants, and no final disposition of the case was made.

Afterward, on the 1st day of November, the matter came up before the Sevier county court, upon the bill, answer and proofs. The court made an order enjoining and restraining Samuel Henry, William G. Dorsey et al. from exercising any power or authority or doing or performing any official act or function over certain defined territory mentioned in the order, until the further order of the court.

The original bill filed in the Sevier circuit court is based solely on the legality and constitutionality of the act of the general assembly, creating the county of Howard, approved April 17, 1873.

Defendants insist that a court of equity has no jurisdiction to enjoin the proceedings of the officers of a county and vacate its organization, where such organization does not interfere with some individual rights.

A county is a public corporation, created for governmental purposes. It is a part of the political organization of a state, brought into being by the mere will of the legislature. The state is the only proper party to institute proceedings to inquire into the validity of its franchises. It is not within the province of equity to inquire into the right of officers of a county to exercise their official functions in disputed territory, or to determine the number of square miles contained in a county.

These are purely legal questions, to be tried by *quo warranto*, to which the state must be a party; this affords a complete and ample remedy at law. *Att'y Gen'l v. Utica Ins. Co.*, 2 G. C. R., 370; Angel & Ames on Corp., secs. 731–765.

It has been well settled that there is no general jurisdiction in equity to remove corporate officers, or to vacate, annul, or dissolve a corporation. In all cases where this power has been exercised by a court of chancery, the jurisdiction has been expressly conferred by statute, or the writ of *quo warranto* or an information in the nature of a *quo warranto* was inoperative, and there was no other complete and adequate remedy provided by law.

Such is the case in the state of Tennessee, where *quo warranto* and the information in the nature thereof are not in force for the want of a court of general original jurisdiction extending over the whole state. So there remained no remedy but a bill in chancery to rectify, annul or dissolve a corporation where they have been found acting illegally, and in several instances involving the legality of acts creating counties, the chancery courts of the state have entertained jurisdiction, and by injunction have controlled county commissioners and county officers. *Bradley County v. The Commissioner of Powell County*, 2 Humph., 428; *Ford v. Farmer*, 9 id., 152.

But in no other proceeding except by the state's writ of *quo warranto*, have courts declared county organizations formed in accordance with a legislative enactment, null and void, unless it was clearly shown that some individual private rights were to be seriously affected by virtue of that organization.

The bill, as presented to the Sevier circuit court, makes out no case for equitable jurisdiction, and should not have been entertained by the court.

As to the question raised by the defendants upon a motion for a rule against the judge of the 8th judicial district, to show

cause why he should not be punished for contempt for proceeding to a judgment in the cause, after an application had been made to the clerk of this court for a writ of prohibition, we do not deem it necessary to say more than this, that the motion will be overruled.   While there may be some doubt as to the propriety of a judge proceeding in a cause after he has notice that an application for a writ of prohibition will be made to a supervisory court, yet we do not think the mere filing of such application in the office of the clerk, and notice of it to the judge, will necessarily have the effect to stop all proceedings.

The judgment rendered in this cause is void, and the writ of prohibition will be granted.