## Moore & Co. v. Emerick.

1. PLEADING AND PRACTICE: *Defense of another suit pending, &c.*
   A plea to an action for a debt that, prior to the commencement of the action, the plaintiff had sued in another State and attached the property of the defendant sufficient to satisfy the debt, and that since the action the property has been sold, and the debt fully satisfied, will not bar a judgment for cost against the defendant in the pending action.

APPEAL from *Lonoke* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*Sibley*, for appellant:

The costs should have been tendered with the plea. 29 *Ark.*, 544; 1 *Ch. Pl.*, 478, *and notes x and c*; 2 *Bing. N. C.*, 88; 1 *Ib.*, 693; 1 *Ch. Pl.*, 485, *note A*; 4 *B. & C.*, 117; 6 *D. & R.*, (*K. & B.*) 81; 1 *M. & P. Rep.*, (*C. P.*) 138.

If plaintiffs had the right to sue in the courts of this State, and to maintain both actions, (32 *Ark.*, 332,) they had the right to recover costs upon the merits.

See also 1 *Ch. Pl.*, *top p.*, 466; 1 *Tidd's Pr.*, (3 *Am.*, 9

*Eng. Ed.*) 683 ; 1 *Harrison's Dig.*,  665 ;  7  *East*, 536 ;  3 *Smith*, 554 ;  6 *Esp.*, 40 ; *Hobb.*, 6 ;  1  *Caneys*, 599 ;  2  *N. R.*, 99 ; 1  *Taunt*, 341 ;  *G. D.*, 393 ; 17 *Ark.*, 435 ;  26  *Ib.*, 662'.

EAKIN, J.   This appeal involves only a  matter of  costs. Moore & Co.  pending  an  action  of  attachment  by  them against Emerick, in Mississippi, brought also a similar action for the same debt in Lonoke county, and had an attachment there.   He appeared and pleaded the proceedings in Mississippi, showing that, before the commencement of this suit, a quantity of property sufficient to pay the  debt, had  been attached in the Mississippi suit, and the writ returned to the court there, at the April term, 1879, and that the goods had been afterwards sold by order of the court, the proceeds paid to plaintiffs, and the debt  satisfied.   The  answer further denied the grounds of attachment.

The present action was commenced on the eighth  day of January, 1879.   The answer was filed on the fifth of March, 1880.   The court, sitting as a jury, found for the plaintiffs, on the grounds of attachment, and also the facts  above  set forth with  regard  to  the  proceedings in  Mississippi,  and held that, as the plaintiffs' claim had been  satisfied in  full out of  property, which at  the  commencement of  this  suit, had been already attached  in another tribunal, they were not "under  the circumstances"  entitled  to  costs  in  this. Judgment was entered accordingly and  plaintiffs  appealed.

The mere *pending* of a suit  for the same cause  of action in another State could not be pleaded in abatement or in bar. (32 *Ark.*, 332.)   The *satisfaction of the debt* through the former attachment might be shown by plea in the nature of a plea *puis darreign continuance* at common law.   It was something which did  not  exist  when  this  suit  began, and

could not be used to' show that this suit was wrongfully brought. At common law the plea could not, generally, be interposed as a complete bar to the suit.

It went only to the further continuance of it, conceding that the prosecution of the suit to that time had been proper. *Stephens on Pleading*, 63 ; *Chitty on Pleading*, Vol. 1, *p.* 696.

The plaintiffs should have had judgment for costs accrued up to the time of the plea.

Reversed and remanded for further proceedings.