## STATE *v.* DOWDY.

Opinion delivered April 27, 1908.

1. APPEAL—REVIEW—ASSIGNMENT OF ERRONEOUS REASONS.—Where the chancellor's decision in a case was correct, the case will be affirmed,

even if the reasons upon which the court based the decision are not sound. (Page 143.)

2. CONTEMPT—EVIDENCE.—Where defendant was enjoined from interfering with the title to any lands owned by plaintiff, he will not be punished for contempt for selling land claimed by plaintiff if it does not appear that plaintiff owned such land. (Page 144.)

Appeal from White Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

*S. Brundidge, Jr.,* for appellant.

The original order of injunction having been properly made, it was valid and binding until annulled or revoked. No appeal was ever taken, nor any motion to dissolve the injunction ever interposed. Appellee was a party to the proceeding, and can not attack it collaterally, nor question its validity except upon the ground that it was void. 9 S. C. 606; 35 Kan. 616; 12 N. E. 136; High on Injunctions, § § 847, 848.

*J. W. & M. House,* for appellee.

1. The decree was too indefinite and uncertain to be enforced. It did not notify appellee in detail or in specific terms as to what acts were enjoined. 62 Ind. 493; 58 Fed. 132; 25 Hun, 57; 58 Conn. 502; 29 Fed. Cases, 17517; 18 Ind. 458; 74 N. Y. Sup. 1089; 5 Munf. (Va.) 442; 10 Paige, 485; 4 Paige, 444; 9 Paige, 234.

2. Attachment for contempt will not issue for disobedience of a temporary restraining order, but only for violation of the final decree. 9 Cal. 18; 49 Am. St. Rep. 374; 32 How. Prac. (N. Y.), 408; 5 Hare (26 Eng. Ch.), 415.

3. If the decree was definite and certain, attachment could not issue until it appeared that these terms had been violated and that Greer had suffered damages thereby. 11 Paige, 180; 10 Paige, 485.

McCULLOCH, J. This is an appeal from a decision of the chancery court of White County in a contempt proceeding whereby appellee was charged with having disobeyed a former decree of that court enjoining him from violating a certain contract entered into between him and one Greer, the plaintiff in that cause.

The decree which appellee is charged with having disobeyed

is (omitting caption and recitals as to appearances of parties, etc.), as follows:

"And it appearing to the court that on the 9th day of September, 1895, plaintiff and defendant entered into a written contract, whereby defendant for a valuable consideration agreed that he, the said P. P. Dowdy, would in no way interfere with the title to any of the lands owned by said B. W. Greer at the time of the date of the said contract, in White County or elsewhere, either directly or indirectly to give any information to any persons which will enable them to interfere with or disturb the title or quiet enjoyment of said Greer to said lands, and that he would refrain from doing or saying anything that will disturb the peaceable and quiet possession of said Greer. And it further appearing that, since the execution of said contract, said defendant has been actually engaged in giving the divers other claimants information as to alleged irregularities in said Greer's title and inducing them to institute suits in the courts of this State against said Greer involving the title to the said Greer's lands; that said P. P. Dowdy is threatening to continue in the further interference with the business and affairs of said Greer in open violation of his said contract, and is about to procure and incite frivolous litigation; that said Dowdy is wholly insolvent, and that by reason of the acts of said defendant the plaintiff is about to suffer irreparable loss and damage. It is therefore by the court considered, ordered, adjudged and decreed that the plaintiff, P. P. Dowdy, be and he is hereby perpetually and forever restrained, prohibited and enjoined from the violation of his said contract of September 9, 1895, either directly or indirectly by himself or by his agents, attorneys, or other representatives in this: That he is further restrained from interfering in any manner, directly or indirectly, with the title of any lands owned by the said Greer on the date of said contract, towit: September 9, 1895, directly or indirectly by giving information in any way or manner, directly or indirectly, to any person or persons which will enable him or them to interfere with or disturb the title or quiet enjoyment of said Greer to said lands, from doing or saying anything directly or indirectly that will disturb the peaceful and quiet possession of said Greer, and that defendant pay all costs of this action, for which execution

may issue in manner and form as upon a judgment at law, and that the temporary restraining order heretofore issued herein be and the same is hereby made perpetual to the extent expressed in this decree and is set aside and held as naught except as herein expressed."

Greer filed his motion, supported by affidavit, alleging in substance that appellee had disobeyed the terms of the decree by "transferring to Bayard C. Rhodes the W. ½ of S. E. ¼, section 1-7-5, and the W. ½ of N. W. ¼ section 7-7-5, as attorney for H. A. Pierce in disobedience of the injunction."

Appellee filed his response to the motion, denying that he had disobeyed the injunction, and, among other things, denied that Greer ever had any title to the said tracts of land described in the motion.

The cause was submitted to the court upon the motion and supporting affidavit, and appellee's response thereto, a copy of the temporary restraining order and the former decree alleged to have been disobeyed, and also a copy of the contract between Greer and appellee which the latter was enjoined from violating. The chancellor decided that the former decree of the court was "so indefinite and uncertain that the same can not be inforced by the court in a proceeding for contempt," and discharged appellee from the rule. That decision has been brought here for review.

We are of the opinion, without adopting the view of the chancellor to the effect that the entire decree was unenforcible because it is too indefinite and uncertain, that the record before us would not sustain an order punishing appellee for contempt. The whole case was submitted on the motion; and if the decision was correct, it becomes our duty to affirm it, even if we conclude that the reasons upon which the court based the decision are not sound. *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 1; *Greenlee* v. *Rowland,* 85 Ark. 101. The chancellor did not undertake to pass upon the facts of the case, and based his decision on the uncertainty of the former decree; but, as we find no evidence in the record which would have justified an adjudication that appellee had brought himself in contempt of court, it is our duty to affirm the decision.

It of course goes without controversy that, as the court

had jurisdiction to render the former decree enjoining him from violating the contract with Greer, appellee was bound to obey its terms, and that by disobedience he would subject himself to punishment for contempt of court. *Meeks* v. *State,* 80 Ark. 579.

The decree in question enjoined appellee from violating his written contract with Greer of a certain date whereby he agreed that he would not in any way "interfere with the title to any lands owned by said B. W. Greer at the time of the date of the contract, in White County or elsewhere, either directly or indirectly, to give any information to any persons which will enable them to interfere with or disturb the title or quiet enjoyment of said Greer to said lands, and that he would refrain from doing or saying anything that will disturb the peaceable and quiet possession of said Greer."

It is alleged by Greer in his motion that he had a title to the lands described therein, but this is denied by appellee, and, before the latter could be punished for contempt, proof of this fact should have been adduced.

The original contract was introduced in evidence, but it describes the lands which formed the basis of the agreement only by reference to certain records in the office of the recorder of White County. The lands are not described in any other manner in the contract, and, as the records therein referred to of the recorder's office are not brought into this case, we have no means of knowing whether a description of the particular tracts which are described in this proceeding was included or not. The record fails, therefore, to sustain the charge that appellee has violated the contract. Now, if it was shown that these lands were described in the contract as a part of the lands to which Greer claimed title, and that appellee had done some act which would interfere with or defeat that title, it might be held that he had violated his contract and the terms of the decree so as to render him subject to punishment for contempt. But, as these lands were not described in the contract, so far as is made to appear in this record, and as there is no proof that Greer has any title to these lands, the conveyance executed by appellee as attorney for Pierce could not constitute disobedience of the court's decree. Of course, appellee can not be held to be in contempt of court simply because he undertakes to convey lands

which Greer may see fit to lay claim to, whether he has title thereto or not. The contract and the decree of the court enjoining obedience to its terms can not be construed as a roving commission to Greer to prevent appellee from having anything to do with any lands to which he (Greer) may see fit to assert a claim. The contract and decree operate, at most, only on the lands which are referred to in the contract and those to which Greer has title.

. It is questionable whether or not the case is brought here by proper method for review, but the conclusion which we have reached respecting the correctness of the chancellor's decision renders it unnecessary for us to pass on the method employed in bringing the case here.

Affirmed.