## MADDEN *v.* SUDDARTH.

Opinion delivered May 17, 1920.

1. VENDOR AND PURCHASER—LIEN FOR PURCHASE MONEY.—A vendor of land has a lien in equity for the purchase money, though the lien is not recited on the face of the conveyance; and such lien is enforceable against third persons who purchased with notice of the fact that the price had not been paid.

2. VENDOR AND PURCHASER—NOTICE OF VENDOR'S LIEN.—A recital in a deed that a lien is retained to secure the residue of the purchase money, without specifying the amount, is sufficient to put the grantee's purchaser upon inquiry as to whether the grantee had paid the purchase money.

3. VENDOR AND PURCHASER—NOTICE OF RECORDED DEED.—A purchaser of land is bound to take notice of a recorded deed in the line of his title.

4. VENDOR AND PURCHASER—NOTICE OF VENDOR'S LIEN.—A finding of the chancellor that defendant purchased land with notice of a prior grantor's lien for purchase money is sustained by evidence of actual knowledge and by the fact that such grantor's deed reserves a lien without specifying the amount thereof.

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*June R. Morrell,* for appellant.

1. The deed relied on by appellee did not retain a lien on the land, nor contain facts sufficient to put a subsequent purchaser on notice that a part of the purchase price remained unpaid. Where the granting and *habendum* clauses in a deed are irreconcilable, the *habendum* clause must yield to the granting clause. 92 Ark. 324.

2. A purchaser of land is not bound to take notice of a vendor's lien unless the balance of the purchase money is recited in the deed and *expressly made a lien* in such deed. 28 S. E. 336; 95 Va. 263. If appellee had a lien for unpaid purchase money, it was *latent* and not disclosed by the deed of conveyance. 2 Jones on Liens, p. 61.

3. The oral testimony was not sufficient to warrant the chancellor in finding that appellant purchased with notice of the lien. Appellee's deed, prepared by himself

or by a notary of his own selection, is at least misleading, and appellant should not suffer for appellee's mistakes if there were any, and the court erred in its finding.

The appellee, *pro se.*

1. The statements and recitals in the deed were sufficient to put appellant on notice or at least on inquiry, and he was not an innocent purchaser. 97 Ark. 397; 94 *Id.* 615. See, also, 3 Wash. Real Prop. (6 ed.), §§ 1258-60; 123 S. W. 801; 72 Ill. 553; 26 Miss. 434.

2. Appellant does not claim that he did not have actual notice of the deed from Suddarth to Barton and the failure, but merely says that Nora Barton told him that there was no encumbrance on the land. Appellee was not estopped from setting up his right to the lien.

McCULLOCH, C. J. Appellee owned a certain tract of land in Little River County, and on March 9, 1918, sold and conveyed the same to Nora Barton for the price of $500, of which $150 was paid in cash, and said grantee executed to appellee her promissory note of that date for the remaining sum of $350, due and payable one year after date. The deed of conveyance executed by appellee and his wife to Nora Barton reads, in part, as follows: "Know All Men by These Presents:

"That we, James L. Suddarth and Elizabeth Suddarth, his wife, for and in consideration of the sum of ............................ dollars, paid and to be paid by Nora Barton cash in hand (the receipt of which is hereby acknowledged), ................ do hereby grant, bargain and sell unto the said Nora Barton and unto her heirs and assigns, forever, the following lands situated in Little River County and State of Arkansas, towit:" Then follow the clause containing a description of the property conveyed and the habendum and warranty clauses, and then the following recital appears: "It being expressly agreed and understood that a lien is hereby retained upon said lot or parcel of lands to secure the residue of the purchase money

hereinbefore mentioned.'' The deed was duly recorded, and Nora Barton subsequently sold and conveyed the land to appellant.

Appellee instituted this action against Nora Barton to recover the amount of the note and to enforce the lien on the land and appellant was made a party defendant. Nora Barton made no defense and testified as a witness in the case, and she conceded that the note constituted a part of the purchase price of the land. Appellant defends on the ground that he is an innocent purchaser of the land without actual notice of the lien, and that the lien was not expressed in the recitals of the deed of conveyance. A vendor of land has in equity a lien on the land for the purchase money, although the same is not recited on the face of the conveyance. *Lay* v. *Gaines,* 130 Ark. 167. A lien is enforceable against third persons who purchased with notice of the fact that the price had not been paid.

The only question in the present case is whether or not appellant had notice of the unpaid purchase price, as it is shown beyond dispute that the note in suit was executed to cover a part of the purchase price. There is a conflict in the testimony as to actual notice to appellant. He testified that his vendor, Nora Barton, represented to him that the price had been paid in full and that the land was clear from any lien. She testified to the contrary, and denied that she made any such representations to appellant, and stated that appellant agreed to pay the note to appellee as a part of the consideration for her deed to him. Two other witnesses introduced by appellant testified to matters which tended to corroborate appellant; they stated that they were present when the trade was made between appellant and his vendor, Nora Barton, and that the latter stated that the land was clear of all encumbrances. The testimony of one of those witnesses is discredited by the fact that he made a statement the day before he testified in direct conflict with his testimony on the witness stand. The testimony of the other

witness is not clear on the subject, as he was not close enough to the parties, apparently, to hear all that was said.

In addition to that, there is enough in the face of the deed of appellee to Nora Barton to give notice of the existence of a lien, or to put a subsequent vendee on notice. The granting clause of the deed in which the purchase price was described contained blank spaces, showing obvious omissions, and the deed contained an express recital of the reservation of a lien on the land for the unpaid purchase price, without specifying any amount. This deed was in the line of appellant's title, and he was bound to take notice of it. It is true the amount of the purchase price, except as to the $150 cash payment, was not stated, but there is enough in the recital to put a subsequent purchaser upon inquiry, and we think that appellant is bound by it.

Upon the whole, we can not say that the finding of the chancellor was against the preponderance of the evidence, considering the direct evidence introduced concerning appellee's actual knowledge and the inference which he might have drawn from the recitals of the deed. The decree is therefore affirmed.