FLANNAGAN *v.* CITIZENS' STATE BANK OF KEITHSBURG, ILL.

Opinion delivered April 17, 1922.

1.  VENDOR AND PURCHASER—NOTICE OF INCUMBRANCE.—One who deraigns title through a deed reciting a mortgage is affected with notice of it, though the deed to him warranted that the land was free from incumbrance.

2.  VENDOR AND PURCHASER—EFFECT OF PRIOR INCUMBRANCE.—One who purchases land by a deed which recites the existence of a prior incumbrance, takes subject thereto, though the prior mortgage was defectively acknowledged; but he does not become personally liable for such mortgage debt unless he expressly assumes it.

3.  ABATEMENT AND REVIVAL—FORMER SUIT PENDING.—It was immaterial that at the time a suit to foreclose a mortgage was instituted there was a suit pending in another State on a note secured by such mortgage if that suit was dismissed before decree.

Appeal from Fulton Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*C. E. Elmore* and *Oscar E. Ellis,* for appellant.

An acknowledgment to a mortgage must show that it was executed for the "consideration" and purpose therein mentioned, otherwise it is void as to all persons except the parties to the transaction. C. & M. Dig., § 1521; 20 Ark. 190; 32 Ark. 598; 33 Ark. 63; 35 Ark. 62; 37 Ark. 91; 40 Ark. 537; 42 Ark. 140; 49 Ark. 83; 56 Ark. 88; 61 Ark. 123; 111 Fed. Repts. 647. While a purchaser is charged with actual notice of such defect, where he could have discovered same (103 Ark. 429; 144 Ark. 79), yet there is nothing in appellant's deed nor in the deed to his grantor to put him upon notice. However the mortgage was void from the beginning, even though appellant had actual knowledge.

The curative act of 1919 could not interfere with vested rights of third parties. 43 Ark. 156; *Id.* 420; 58 Ark. 117; 62 Ark. 431.

*H. A. Northcutt* and *P. C. Goodwin,* for appellee.

The fact that a suit was pending in Oklahoma, which had been dismissed, would not be a bar to this suit. 32 Ark. 332 and cases cited.

The purchaser was charged with constructive notice of any defects in his title. 50 Ark. 329; 15 Ark. 184; 29 Ark. 650; 14 Ark. 69; 35 Ark. 100; 103 Ark. 429; 147 Ark. 533; 48 Ark. 260.

SMITH, J. This suit was brought to foreclose a mortgage, which had been properly assigned to appellee but which had been defectively acknowledged, in that the word ''consideration'' was omitted in the officer's certificate. The mortgage was executed on September 13, 1915, by O. H. Munyon and his wife, and secured a note for $2,000, due three years after date. Appellant, Lee Flannagan, filed a motion to be made a party defendant; and an order to that effect was made without objection. Flannagan filed an answer alleging ownership of the land described in the mortgage sought to be foreclosed, and deraigned title thereto through mesne conveyances set out in the answer as follows: Munyon conveyed to Grandjean, who conveyed to Lansford, who conveyed to Flannagan. These were all warranty deeds, and the ones from Grandjean to Lansford and from Lansford to Flannagan covenanted that the land was free from all incumbrances. The deed from Munyon to Grandjean, however, contained the following exception: ''Except a mortgage to A. C. Watson for $2,000, dated September 30, 1915, and to run three years after date, at 7 per cent., due September 30, 1916, and annually thereafter.''

The court held that this recital was binding upon Flannagan, as it appeared in his chain of title, and ordered the foreclosure of the mortgage; and this appeal is from that decree.

We think the court committed no error in its ruling. In the case of *Clapp Bros. & Co.* v. *Halliday Bros.,* 48 Ark.

258, a second mortgage recited the existence of a prior one and directed the mortgagee in the second mortgage to apply the proceeds of certain of the property mortgaged to the payment of the first mortgage. This first mortgage was defective in that the word "consideration" was omitted in the officer's certificate of acknowledgment. The question of priority arose between the mortgagees, which the court disposed of in the following language: "By accepting a mortgage which recited the first mortgage, and provided for its payment, the plaintiffs had estopped themselves to deny the existence of that mortgage and the validity of its lien. Jones on Chattel Mortgages, 2 Ed., § 488."

In that case it was also determined that the mortgagee in the second mortgage was not personally liable for the debt secured by the first mortgage, although he had appropriated proceeds of the sale of certain cotton covered by both mortgages. This was held on the theory that the second mortgagee had not expressly assumed to pay the prior mortgage, but had merely taken his mortgage subject to the prior incumbrance, and the second mortgagee was required to pay only the value of the cotton converted. *Sunny South Lbr.* v. *Neimeyer Lbr. Co.,* 63 Ark. 268; *Ghio* v. *Byrne,* 59 Ark. 280; *Millington* v. *Hill, Fontaine & Co.,* 47 Ark. 301; *Madden* v. *Suddarth,* 144 Ark. 79.

The application of these cases to the instant case is denied because the recital of the outstanding incumbrance is not contained in the deed to Flannagan. The deed to him contains, as has been said, a covenant that the land was free from all incumbrances. But the deed which does contain the recital of the incumbrance subject to which the deed was made is in the line of Flannagan's title, and he was therefore affected with notice of it, and it was his duty to inquire whether the incumbrance had been discharged. *Gaines* v. *Summers,* 50 Ark. 327; *Abbott* v. *Parker,* 103 Ark. 429; *Madden* v. *Suddarth, supra; Star Lime & Zinc Mining Co.* v. *Arkansas National Bank,* 146 Ark. 246. In other words, the deed through

which Flannagan claims was made subject to the mortgage, and as Flannagan's title is deraigned through this deed he is affected with notice of its recitals and takes subject thereto.

The case of *Clapp Bros. & Co.* v. *Halliday Bros., supra,* is authority for saying that there is no obligation on the part of any one claiming through the deed from Munyon to Grandjean to pay the incumbrance therein recognized as existing against the land; but such purchasers took subject to that incumbrance.

In bar of this action it is alleged that there is a suit pending in Oklahoma on the note secured by the mortgage here sought to be foreclosed. And so there was at the time of the institution of this suit. But before the rendition of the decree here appealed from the suit in Oklahoma was dismissed; and that suffices. *Grider* v. *Apperson,* 32 Ark. 332; *Moore & Co.* v. *Emerick,* 38 Ark. 203.

Decree affirmed.