Ex parte Coulter.

Opinion delivered October 29, 1923.

1. DIVORCE AND ALIMONY—ENFORCEMENT OF DECREE.—Courts of chancery have the inherent power to enforce their decrees awarding alimony, and may do so by punishing the recalcitrant husband as for contempt.

2. CONTEMPT—STATUTORY PROCEDURE.—As the procedure prescribed in contempt cases does not substantially deprive courts of the power to preserve their dignity and enforce their orders, the same must be followed.

3. CONTEMPT—STATUTORY PROCEDURE.—Crawford & Moses' Dig., § 1486, provides the procedure in civil as well as criminal contempts.

4. CONTEMPT—NECESSITY OF ACCUSATION.—Under Crawford & Moses' Dig., § 1486, one accused of contempt there must be an accusation in court, either made by the judge or by some one in possession of the facts, before one accused of a contempt not committed in the presence of the court can be notified to appear in court and answer.

5. DIVORCE—ALIMONY—REQUIREMENT OF BOND.—The chancery court in a proper case may require a recalcitrant husband to furnish security for the payment of future installments of alimony.

Certiorari to Faulkner Chancery Court; *W. E. Atkinson,* Chancellor; judgment quashed.

*Rogers, Barber & Henry,* for appellant.

Where the contempt is committed out of the presence of the court, the usual presumptions of the accused in criminal cases will prevail. 5 Stand. Proc. 383-4. If the proceeding is for a civil, indirect or constructive contempt, the offender must, as a rule, be brought before the court by rule or some other sufficient process. *Ib.* 390. The affidavit must clearly show a state of facts which give the court jurisdiction. *Ib.* 392; or brought before the court by affidavits of persons who have knowledge of it. 89 Ark. 72; 26 Pac. 937. Here no affidavit had been filed at the time process issued; such affidavit is essential. 102 Ark. 122.

No brief for appellee.

SMITH, J. Prior to April 11, 1922, Mrs. Coulter obtained a divorce from her husband, hereinafter

referred to as petitioner, and on that date a decree was rendered requiring the petitioner to pay her a fixed sum of money each month as alimony.

On December 13, 1922, the following notice was served on petitioner:

"In the Chancery Court of Faulkner County, Arkansas, Bird P. Coulter, plaintiff, v. Edward H. Coulter, defendant.

### "NOTICE.

"To Edward H. Coulter, the above named defendant: You are hereby notified that I will file a motion in the above entitled cause asking that you be adjudged in contempt of court, and dealt with accordingly, for refusing and failing to comply with the orders of the court heretofore made, ordering and directing you to pay to the clerk of the court certain sums monthly to aid in the support of your minor children. I will also ask for such other relief as the court may deem proper to grant. Said motion will be called for hearing on Tuesday, December 19, 1922, at 11 a. m., on said day, or as soon thereafter as the court can give it attention.

"(Signed)    J. C. & Wm. J. Clark,

"Attorneys for Bird P. Coulter."

On December 16, 1922, a motion was filed praying that petitioner be adjudged in contempt for failing to comply with the decree of April 11. This motion contains a recital of the facts stated above, and that petitioner had failed and refused to make payments which the decree of April 11 required him to make.

Petitioner failed to respond to the notice served on him, and the court heard the testimony in his absence, which was submitted in support of the motion. The court made the finding of fact that petitioner would not comply with the orders of the court unless he was compelled to give security requiring him to do so, and made an order that petitioner be taken into custody and confined in jail until he had made the payments past due

and had given bond in the sum of $750 conditioned that he would make future payments as they matured.

Petitioner seeks by certiorari to quash this decree upon the ground that the court had not obtained jurisdiction of his person, and that the court had no jurisdiction to require him to give security to pay future installments of alimony.

It is settled, of course, that courts of chancery have the inherent power to enforce their decrees awarding alimony, and that they may do so by punishing the recalcitrant husband as for contempt. But, as in other cases of contempt, it is competent for the Legislature to prescribe the procedure whereby this power may be exercised. The General Assembly of this State has prescribed the procedure in contempt cases, and, as the legislation does not substantially deprive courts of the power to preserve their dignity and enforce their orders, the same must be followed. *State* v. *Morrill*, 16 Ark. 384; 6 R. C. L. § 37, page 525; note 117 Am. St. Rep. 960; note 53 Am. St. Rep. 600; *Cheadle* v. *State,* 59 Am. Rep. 199, 205.

In chapter 34 of C. & M. Digest—this being the chapter on contempts—the procedure is defined. By § 1486 of this chapter it is provided that "contempts committed in the immediate view and presence of the court may be punished summarily; in other cases the party charged shall be notified of the accusation, and have a reasonable time to make his defense."

In the case of *Carl-Lee* v. *State,* 102 Ark. 122, the practice under this section was thoroughly considered. It was first contended by the contemnor in that case that the court was without power to institute contempt proceedings, but the majority held against that contention.

It was also contended that the court was without authority to punish for contempt not committed in its immediate view and presence without an affidavit or information bringing the facts to its knowledge, first made, and this contention was upheld by the majority of the court.

It is true that case was a criminal contempt, but that fact is unimportant, as the section there construed (§ 722, Kirby's Digest, which is § 1486, C. & M. Digest) provides the procedure in cases of criminal and civil contempts alike. After stating that many authorities hold that it is necessary to decide whether the charge preferred constitutes a civil or criminal contempt, in order to determine the procedure for its punishment, Justice KIRBY, for the majority, said: "It appears to us, however, and especially in this State, when the punishment is inflicted for disobedience to the order of, and to compel a proper regard for the dignity and authority of, the court making it, and the proceeding is in the name of the State against the accused, as in other criminal offenses, and the fine and imprisonment are paid and discharged in the same way as fines and imprisonment inflicted in misdemeanor cases are satisfied, that there is, in effect, no difference."

After a review of the authorities, the opinion of the majority was further expressed as follows: "Under our system of procedure, the accused is entitled to be informed with reasonable certainty of the facts constituting the offense with which he is charged and an opportunity to make defense thereto—his day in court. The different kinds of procedure have been outlined for the punishment of other offenses, but the statute, as to this one, says only that he shall be notified of the accusation and have a reasonable opportunity to make his defense. There must be an accusation before the accused can be notified of it, and there is no reason why the court in session cannot recite that the matter offending has come to its knowledge, setting it out in an order, and direct a citation thereon to show cause."

Section 1486, C. & M. Digest, provides that, in all cases of contempt, except those committed in the immediate view and presence of the court, the party charged shall be notified of the accusation; and the Carl-Lee case, *supra*, went off on the proposition that there must be an accusation before the accused could be notified of it.

This construction of the statute appears to be conclusive of this case. There was no accusation pending against petitioner when the notice was served on him to appear in court. The attorneys for Mrs. Coulter appear to have proceeded on their own volition to cite petitioner to appear and answer a charge of contempt, when there was no such charge pending. It is the function of the court to authorize the issuance of a citation to appear and answer a charge of contempt, either criminal or civil.

We know of no law or practice which permits an attorney to determine whether a person shall be haled into court to answer a charge of contempt. It is the province of the court, and not that of an attorney, to determine whether a *prima facie* showing had been made that one is in contempt of court.

There must first be an accusation in some form, made either by the judge himself or by some one in possession of the facts, sufficient to constitute a *prima facie* case, and, upon this accusation, the party charged is notified in order that he may have a reasonable time to make his defense. Section 1486, C. & M. Digest; *York* v. *State,* 89 Ark. 72; *Carl-Lee* v. *State, supra.* See also § 44 of chaper "Contempt" in 6 R. C. L., p. 531, and § 88 of chapter "Contempt" in 13 C. J., page 64, in the note to which section the cases of *Carl-Lee* v. *State* and *York* v. *State, supra,* are cited in support of the text.

It is true a pleading designated as a motion, which appears to have been in proper form, was filed before the charge was heard by the court. But this motion or charge had not been filed when the notice was served on petitioner. Petitioner was not required to respond to this notice, because the attorneys had no authority to give it, and there could not then have been any finding by the court that a *prima facie* showing had been made, because no accusation had then been preferred.

We conclude therefore that petitioner's first ground of attack is well taken, and the decree of the court must therefore be quashed.

Petitioner asks us to decide the second ground of his attack (as a second appeal may thereby be prevented), which is that the court may not require security to pay future installments of alimony. We do this, and our opinion is that, in a proper case, the court has authority to require security to be given for future payments of alimony. This is the express holding in the case of *Ex parte Caple,* 81 Ark. 504, in which Justice RIDDICK, for the court, enumerates conditions under which that order would be proper. See also § 3509, C. & M. Digest; *Shirey* v. *Hill,* 81 Ark. 137; *Casteel* v. *Casteel,* 38 Ark. 477; § 1859, page 2011, vol. 2 Schouler on Marriage and Divorce, etc. (6th ed.).

For the error indicated the decree is quashed.

### DISSENTING OPINION.

McCULLOCH, C. J. It seems to me, with the utmost respect for the views of my fellow judges and those who preceded us, that a series of over-technical decisions of this court has made a proceeding for punishment for contempt more difficult and involved than a prosecution for the highest crime known to the law. The present decision of the majority goes a step further than any previous ones, and, I think, overrules some of the cases heretofore decided, in holding that the procedure for the punishment for contempts "committed in the presence or hearing of the courts, or in disobedience to process" is subject to regulation by statute. The Constitution (art. 7, § 62) provides, in substance, that the procedure in such instances is beyond the regulatory power of the Legislature. *Ford* v. *State,* 69 Ark. 550; *Bryan* v. *State,* 99 Ark. 163.

The power to punish for contempt in the presence of the court, or in disobedience of process, is inherent in the courts, and the procedure rests upon common-law principles, and not upon regulations enacted by the Legislature. *Turk* v. *State,* 123 Ark. 341. The only essentials in the procedure are that the accused shall have notice and an opportunity to make his defense. Con-

ceding, however, that the statute regulating contempt proceedings is applicable, it only provides that, in proceedings other than for contempt committed in the immediate presence of the court, "the party charged shall be notified of the accusation and have a reasonable time to make his defense," and that "the substance of his offense shall be set forth in the order or warrant of commitment." Crawford & Moses' Digest, §§ 1486, 1487. The statute contains no provision concerning the method of initiating the proceedings. It merely provides, as shown above, that there must be notice and an opportunity to prepare for defense.

The distinction between civil and criminal contempts is recognized, and in *York* v. *State*, 89 Ark. 72, and *Carl-Lee* v. *State*, 102 Ark. 122, it was held that the proceedings for civil contempt must be initiated by the injured person, while in criminal contempts the proceedings may be initiated by the courts.

Conceding that the better practice in civil contempts is for the injured party to first present his petition to the court and obtain an order of citation to the accused to appear and show cause why he should not be punished, this is not mandatory, and the requirement for notice to the accused is fully met by a notice given by the injured party to the accused that the application to the court will be made at a stated time. The accused is thus given an opportunity to prepare his defense and to be heard by the court before punishment is inflicted. Under this method of procedure nothing is omitted for the protection of the legal rights of the accused. If he has notice of the proceedings and fails to appear, he cannot complain merely because the notice was given by the injured party and not by the court. The court acquired jurisdiction by the filing of the petition, and the jurisdiction was complete at the time the court made its order, even though the petition had not been filed at the time the notice was given. The fact that the notice was given by the party and not by citation of the court, and that the

petition was filed *after* the giving of the notice, is a mere matter of form or detail rather than of material substance, and does not affect the jurisdiction of the court to hear and determine the questions involved.

It is stated in the opinion of the majority that no person has the right to hale another into court to answer a charge of contempt, but the answer is, I think, that a notice by the injured party does not "hale" the accused into court—he goes merely on his own volition if he cares to make defense to the charge.