## SIMPSON *v.* SIMPSON.

Opinion delivered October 21, 1929.

*W. B. Sorrels,* for appellant.

*Rowell & Alexander,* for appellee.

SMITH, J. A decree of divorce was given Mrs. Bernice Simpson from her husband, Sherwood Simpson, who was therein directed to pay her $12.50 per week for the support of herself and their infant children. After making these payments for several weeks, default was made, which continued until $100 was due under the decree. A citation for contempt issued, and upon hearing thereof a bond was executed, and the proceeding dismissed. This bond reads as follows:

"Know all men by these presents, that we, Sherwood Simpson, principal, and Wm. H. Simpson, as sureties, are held and firmly bound unto the State of Arkansas for the use of the plaintiff, Bernice Simpson, in the penal sum of three hundred dollars, to the payment of which well and truly to be made we hereby bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents: The condition of the above obligation is such that the defendant, Sherwood Simpson, will promptly pay all sums due the plaintiff, Bernice Simpson, for the support of his children, as required by an order of the Jefferson Chancery Court, dated January 28, 1928, and now due from December 10, 1927, and all sums, to-wit, $12.50 each and every week, until said order is changed by said court. Now therefore, if the said Sherwood Simpson shall well and truly pay said sums as above set out, then this obligation to be null and void; otherwise to remain in full force and effect.

"This January 28, 1928.

(Signed) "Wm. H. Simpson,

(Signed) "Sherwood Simpson."

After the execution of this bond the $100 was paid, and subsequent installments of alimony were paid in the sum of $200, making a total of $300, which was the amount of the bond. But there was no showing that W. H. Simpson, as surety, had paid this money, or any part of it. Thereafter for two consecutive months default was made in the payment of the alimony, and a motion was filed in the original cause for judgment on bond for the amount of the default.

The surety filed a response, setting up the facts herein recited, and alleged that, inasmuch as $300 had been paid since the execution of the bond, the penalty thereof had been discharged. The binding obligation of the bond is not questioned. *Ex parte Coulter,* 160 Ark. 550, 255 S. W. 15. It is insisted only that the obligation thereof has been discharged by the payment of the sum of $300 since its execution. The court overruled this plea, and rendered judgment for the amount of the ali-

mony then in arrears, and this appeal has been duly prosecuted to reverse that decree.

For the reversal of the decree cases are cited in which it was held that the surety on a bond cannot generally be held liable for any sum greater than the penalty thereof, and that a surety who has bound himself under a fixed penalty for the payment of money or for the performance of some other act by a third party has marked the utmost limit of his liability. The principle announced has been recognized in numerous cases, but is not applicable here. The original decree directed that the weekly payments be continued until otherwise ordered, and the condition of the bond was "that the defendant, Sherwood Simpson, will promptly pay all sums due the plaintiff, Bernice Simpson, for the support of his children, as required by an order of the Jefferson Chancery Court, dated January 28, 1928, and now due from December 10, 1927, and all sums, to-wit, $12.50 each and every week, until said order is changed by said court."

The order for the payment of the money was not changed by the court, but remained in full force, and had continuing effect, and the court, in requiring the bond, no doubt contemplated future defaults in payment, and it was to insure against such defaults that the bond was required. It was not the purpose of the court's order, or that of the bond executed pursuant to it, merely to collect $300 for the benefit of the children; the purpose was to enforce continued payments of the weekly allowance until the court otherwise ordered, and it was only by the execution of the bond that the defendant purged himself of the contempt charge which resulted from his default. To prevent recurrence of the delinquency, the bond was required, and the surety became obligated to pay when his principal made default, and there was no obligation to pay until there was a default. Of course the bond imposed a maximum liability on the surety of $300, but a liability was assumed for the payment of each delinquent installment until this maximum was reached.

We conclude, therefore, that the court correctly construed the bond executed pursuant to its order, whereby the defendant was discharged in the contempt proceedings, and the decree is therefore affirmed.