RUTH ESTES *v.* DON MASNER ET AL

5-4499                                            427 S. W. 2d 161

Opinion delivered May 6, 1968

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*Pickens, Pickens & Boyce* and *Kenneth Castleberry,* for appellees.

JOHN A. FOGLEMAN, Justice. This appeal is from a decree of the Independence Chancery Court holding appellant in contempt of court and modifying an original custody award. For reversal, appellant contends that the trial court was without jurisdiction to hear the citation for contempt; that the notice of the contempt hearing was improper and invalid; and that the custody change is invalid due to lack of prior notice.

As to the facts necessary to decide this case, the record reflects that the parties were divorced in 1959. The divorce decree awarded custody of the children to their paternal grandparents. In 1966, appellant petitioned the court for temporary custody of the children and the court granted the relief, allowing appellant custody for a two-week period. Appellant immediately fled the country and proceeded to Puerto Rico. The former husband, who is an appellee in the custody proceeding, went to Puerto Rico with his father (who had been awarded custody of the children in the 1959 decree) to regain custody, and, having been enjoined from taking

the children out of Puerto Rico, he returned to this country and instituted criminal proceedings against appellant.[1] Upon her return to the United States to answer the charges, appellant was arrested for contempt. Habeas corpus proceedings were commenced in this court, and a continuance was granted to have the records brought up. During the continuance, appellees filed a petition for citation for contempt in the trial court, and had the clerk mail notice of a hearing thereon to appellant. Upon failure of appellant to appear, the trial court held her in contempt for violation of the court's temporary order and modified the 1959 decree so as to award the former husband custody of the children.

Appellant's first contention is that the trial court lacked jurisdiction to hear the citation for contempt. She cites the proceeding in Puerto Rico and the habeas corpus hearing in this court, both of which were pending at the time of the trial court's action, as grounds for her contention.

The nature of the proceeding[2] in the Puerto Rican courts is not clear from the record, but assuming arguendo that at the time of the trial court's disposition of this case there was pending a custody proceeding, such fact could have no effect on the jurisdiction of the trial court to punish, as for contempt, one who knowingly violated its order. This court has previously held that the mere pendency of a suit in another state did not preclude a suit in this state for the same cause. *Moore & Company* v. *Emerick*, 38 Ark. 203. With concern to the effect on the forum court of sister state judgments, Dr. Robert A. Leflar, in his work on the Conflict of Laws, § 70, p. 132, states: "The mere pendency of an action in one state has no effect upon the

---

[1] It is not clear from the record whether appellee commenced the criminal proceedings before or after his having been enjoined from removing the children from Puerto Rico, but, for purposes of this decision, this fact is immaterial.

[2] Counsel for both parties apparently concede that some type of proceeding was pending in the Puerto Rican courts.

right to bring an action in another. Whichever suit is first carried to judgment then bars the other, but it is only the rendition of judgment which has that effect.'' As the case at bar involves only a *pending* suit in a *foreign,* rather than a sister state, court, it is obvious that the court below was in no way deprived of its jurisdiction to hold one in contempt for failure to comply with its valid custody order. See *Lyerla* v. *Lyerla,* 195 Kan. 259, 403 P. 2d 989. There is no contention that the Independence Chancery Court lacked jurisdiction to enter the 1966 temporary custody order, which required that appellant return the children to the grandparents at the end of two weeks. By her failure to return the children, appellant subjected herself to punishment for contempt. *Meeks* v. *State,* 80 Ark. 579, 98 S. W. 378; *State* v. *Dowdy,* 86 Ark. 140, 109 S. W. 1175.

The pendency of the habeas corpus proceeding in this court likewise could have no effect on the jurisdiction of the trial court to hear the citation for contempt. It is true that once an appeal is taken to, and docketed in, this court, the trial court is deprived of jurisdiction to further act in the matter. *Andrews* v. *Lauener,* 229 Ark. 894, 318 S. W. 2d 805. This is not to say, however, that the institution of a separate and distinct contempt hearing is precluded by the mere pendency of habeas corpus proceedings in this court. Proceedings in this court which are original in form, though appellate in nature, do not have the effect of stopping proceedings in the lower court, in the absence of action by this court so requiring. *Henry* v. *Steele,* 28 Ark. 455.

Appellant next avers that she was not given valid notice of the contempt hearing. We feel there is merit in this contention, and the portion of the decree holding appellant in contempt must be quashed for this reason. In *Ex Parte Coulter,* 160 Ark. 550, 255 S. W. 15, we held that it was the province of the court, and not that of an attorney, to cite one to appear and answer a charge of contempt. In the case at bar, the appellant received a

"Notice of Citation," but it was issued by the clerk of the trial court at the behest of appellees' attorney, and, from all that appears of record, without ever having been brought to the attention of the trial court whose exclusive duty it was to determine whether a prima facie showing of contempt had been made.

With regard to the modification of the 1959 custody award, appellant contends that she was not adequately notified that the custody issue would be heard by the court. With this we also agree. Appellees' attorney filed his "Petition for Citation" on May 2, 1967, and by mail requested the Chancery Court Clerk to forward a copy of the notice of citation, together with a copy of the petition, to appellant and her attorneys. Although this was done, it cannot be said that appellant was sufficiently apprised of the nature of the hearing, as neither the petition nor the notice mentions the custody issue. While the Independence Chancery Court retained jurisdiction of the custody issue (*Myers* v. *Myers,* 207 Ark. 169, 179 S. W. 2d 865), before it could lawfully take any further action thereon, it was necessary that the interested parties be properly notified. The mode of notice, not being specified by statute, must be "reasonably calculated" to afford the opposite party an opportunity to be heard. *Seaton* v. *Seaton,* 221 Ark. 778, 255 S. W. 2d 954. "Once a defendant is effectively brought into court, however, by whatever method, he is subject to all the processes of the court which may legitimately be applied in that case. This includes * * * new orders or modifications in alimony and custody awards * * * provided only that the new step in the proceeding be brought within the limits allowed by law for it * * * Further, he is entitled to reasonable notice of the reopened proceedings. This does not require new service, but only some formal notice having a reasonable tendency to give actual notification." Leflar, The Law of Conflicts of Laws, § 32, pp. 52-53. Even if the notice was actually received by appellant, it was not reasonably calculated to make ap-

pellant aware of the custody issue. For this reason, the custody modification will be reversed.

The decree is reversed.

WARD, J., not participating.