Floyd Junior COTTON a/k/a Junior COTTON
a/k/a Bud COTTON *v.* STATE of Arkansas

CR 81-48                                        617 S.W. 2d 19

Supreme Court of Arkansas
Opinion delivered June 15, 1981

*Terry Jones*, for petitioner.

*Steve Clark*, Attorney General, for respondent.

PER CURIAM. Appellant's motion to proceed in forma pauperis, motion to withdraw as attorney of record, and motion for an order requiring Benton Circuit Clerk to prepare record for appeal is denied.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. The attorney for the petitioner's request to withdraw was denied by the trial

court because notice of appeal had already been filed. The majority affirms the action of the trial court without opinion. The matter is of significant importance, as I see it, and ought to be addressed. It seems to me that we have three rules which touch upon the matter of withdrawal of counsel for an accused. They are set out as follows:

Supreme Court Rule 11(h) states:

Any motion by counsel for a defendant in a criminal case for permission to withdraw made after notice of appeal has been given shall be addressed to this court, shall contain a statement of the reason for the request, and shall be served upon the defendant appealing. . . .

Rule 9, Circuit and Chancery Court Rules, states:

No attorney shall withdraw his appearance in any cause in this Court except by leave of the Court after notice served by him on his client. If an attorney is permitted to withdraw, he shall so notify opposing counsel.

Rules of Criminal Procedure, Rule 36.26, states:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

Prior to the adoption of the Rules of Criminal Procedure, the cases of *Andrews* v. *Lauener*, 229 Ark. 894, 318 S.W. 2d 805 (1958) and *Estes* v. *Masner,* 244 Ark. 797, 427 S.W. 2d 161 (1968) held that the trial court held jurisdiction of a case until the record was filed in the supreme court even though notice of appeal had been filed. The Rules of Criminal Procedure were adopted in an effort to clarify and update our criminal procedure process. It is apparent we should amend the rules to eliminate the inconsistency and to allow the jurisdiction from the trial court to the supreme court to

change at the same time for all purposes. Presently the supreme court obtains jurisdiction for the purpose of approving or disapproving counsel as soon as notice of appeal is filed. For all other purposes the case remains with the trial court until the record is lodged with the clerk of the supreme court.

The trial court in the present case was clearly correct in ruling that Supreme Court Rule 11 (h) requires this court to act upon the motion to withdraw as counsel. It is possible the trial court could have acted pursuant to Circuit and Chancery Court Rule 9 and granted the motion. Also, the court could have acted pursuant to Rules of Criminal Procedure, Rule 36.26, which states either the trial court or this court may grant a motion to release counsel. It is possible the courts have concurrent jurisdiction but it is at least confusing in the present status.

Therefore, I would suggest that Rule 11 (h) be amended in such a manner as to continue the complete jurisdiction of a criminal case in the trial court until such time as the record is lodged with the supreme court. The only change which would be necessary is to change that part of the first sentence in Rule 11 (h) which states "to this court" to read "to the trial court." With such change, the trial court would clearly have authority to act upon the motion of an attorney to withdraw until such time as the record became lodged with the supreme court.

Therefore, I concur in the results of this case but would issue a Per Curiam and Rule change amending the procedure.