Marcia Nadine HARVELL *v.* Dwayne Hickman
HARVELL

CA 90-535                                        820 S.W.2d 463

Court of Appeals of Arkansas
Division II
Opinion delivered October 30, 1991

*Janice Williams Wheeler*, for appellant.

*Mathis and Dejanes*, by: *William Travis Mathis*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Marcia Nadine Harvell appeals from that part of an order of the Clark County Chancery Court holding her in contempt and ordering a change of custody of the parties' minor children from appellant to appellee Dwayne Hickman Harvell. We find sufficient merit in appellant's arguments on appeal to warrant reversal and remand.

The parties were divorced in March 1989 by a decree that placed primary custody of their three minor children with

appellant and provided that appellee pay child support. The decree provided specific periods of visitation for appellee, but stipulated that the visitation be carried out in a "suitable home such as [appellee's] parents' home." The parties were required to keep the court and each other informed of their current addresses and, if either party removed the children from the state, a $1,000.00 bond was required.

In August 1989, the parties entered into a stipulation and agreement allowing appellant to remove the children to her home in North Carolina upon the posting of the requisite bond. The agreement further provided that, at appellant's expense, appellant would return the children to appellee's home for three-weeks' visitation in the summer and one week at Christmas. Appellant then filed the bond and moved the children to North Carolina.

Appellee continued to make support payments into the registry of the court. However, the clerk of the court was unable to effect delivery of the payments to appellant at the address that appellant had furnished the court. In July 1990, appellee filed a motion requesting that the court suspend his obligation to make child support payments, alleging that appellant's whereabouts were unknown and that appellant had interfered with his visitation. The court entered such an order *ex parte*. Shortly thereafter, appellee filed a motion asking the court to amend that order and direct the clerk to refund to him the $764.00 in support payments that had accumulated in the court's registry. Notice of a hearing on that motion was communicated to appellant, who appeared on October 14, 1990, to defend against it.

At the hearing, appellant testified that she had made efforts to communicate a change of address to the clerk of the court and that she and the children had been in contact by telephone with appellee's family during the past year. It was admitted that appellee had no telephone at his home by which appellant could communicate to him directly; however, there was evidence that appellant knew where appellee was employed and could have reached him there. Appellant testified that, because she received no support payments, she had applied for Aid for Dependent Children in North Carolina, and that her failure to return the children for summer visitation was due to her financial inability to do so. Appellant's testimony conflicted with that of appellee and

the clerk of the court.

At the conclusion of the hearing, the judge announced that he was holding appellant in contempt for violating his orders, stating that appellant could receive "jail time" and that now was the time to "make an example" of her conduct in ignoring his orders. The following then took place:

> [APPELLANT'S COUNSEL]: What about the child support? Not paying the child support would be hurting the children.
>
> BY THE COURT: I agree with that. I agree with that and I think it's an extreme way of trying to get her attention, but I think I've found another way to do it. I can and will hereby change custody of the children as a finding of part of the problems in this case and the failure of the [appellant] to abide by the court orders and I will change custody and give custody to the [appellee] if he has a suitable home. If not, the children will stay with the grandparents I hate to do it during the middle of a school term, but —
>
> [APPELLANT'S COUNSEL]: They did not request a change of custody.
>
> BY THE COURT: I understand that. I understand that and I'm looking at it from the standpoint of if the children are in a position of being the effected [sic] parties here, really.
>
> [APPELLANT'S COUNSEL]: Your Honor, had I been on notice that this might be a change of custody proceeding, I would have —
>
> BY THE COURT: This was not a change of custody proceeding.
>
> [APPELLANT'S COUNSEL]: I'm aware of that. I would like an opportunity to present evidence on that. I could have brought out a great deal more. I brought [sic] only on the issues that were before the Court.

In its order, the trial court summarily held appellant in contempt, forfeited the bond, ordered a change of custody of the

minor children to appellee, and directed appellee to bring his child support payments to a current status. The order directed the clerk to reimburse the State of North Carolina for monies paid by that state for child support from the proceeds of the forfeited bond and the child support funds held in the registry of the court. The clerk was further directed to deduct from those funds appellee's travel expense should he be required to go to North Carolina to return the children to Arkansas, and to pay any remaining support funds to appellant. It is from this order that appellant appeals. Appellee does not cross-appeal that part of the order directing him to make current his child support and denying his motion to obtain the child support funds held in the registry of the court.

On appeal, appellant contends only that the trial court erred in summarily holding her in contempt and ordering a change of custody. She argues that, as she was not given notice that these matters would be considered at the hearing on appellee's motion pending before the court, it was error for the court to do so. She further argues that the court's change of custody was arbitrary and clearly against the preponderance of the evidence. We agree.

Arkansas Code Annotated § 16-10-108(c) (1987) provides that only contempts committed in the immediate view and presence of the trial court may be summarily punished. In all other cases, the party charged with contempt shall be notified of the accusation and afforded a reasonable time to make a defense. *See Estes* v. *Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968); *Ex Parte Coulter*, 160 Ark. 550, 255 S.W. 15 (1923).

In *Estes* v. *Masner, supra*, the facts were somewhat similar to those present here. There, the appellant obtained temporary custody of the children and then fled the country. The appellee filed a petition for citation of contempt in the trial court and mailed a copy of it and notice of the hearing thereon to the appellant. The appellant did not appear, and the court thereupon entered an order holding her in contempt of the court's temporary order and modified the decree to award the appellee custody of the children. Citing *Ex Parte Coulter, supra*, the court held that the filing of a petition by the attorney did not meet the requirements of the contempt statute as it was the province of the court and not that of an attorney to cite one to appear and answer a

28

charge of contempt. The court continued:

> With regard to the modification of the 1959 custody award, appellant contends that she was adequately notified that the custody issue would be heard by the court. With this we also agree. Appellees' attorney filed his "Petition for Citation" on May 2, 1967, and by mail requested the Chancery Court Clerk to forward a copy of the notice of citation, together with a copy of the petition, to appellant and her attorneys. Although this was done, it cannot be said that appellant was sufficiently apprised of the nature of the hearing, as neither the petition nor the notice mentions the custody issue. While the Independence Chancery Court retained jurisdiction of the custody issue (*Myers* v. *Myers*, 207 Ark. 169, 179 S.W.2d 865), before it could lawfully take any further action thereon, it was necessary that the interested parties be properly notified. The mode of notice, not being specified by statute, must be "reasonably calculated" to afford the opposite party an opportunity to be heard. *Seaton* v. *Seaton*, 221 Ark. 778, 255 S.W.2d 954. "Once a defendant is effectively brought into court, however, by whatever method, he is subject to all the processes of the court which may legitimately be applied in that case. This includes . . . new orders or modifications in alimony and custody awards . . . provided only that the new step in the proceeding be brought within the limits allowed by law for it . . . . Further, he is entitled to reasonable notice of the reopened proceedings. This does not require new service, but only some formal notice having a reasonable tendency to give actual notification." Leflar, The Law of Conflicts of Laws, § 32, pp. 52-53. Even if the notice was actually received by appellant, it was not reasonably calculated to make appellant aware of the custody issue. For this reason, the custody modification will be reversed.

244 Ark. at 801-02; 427 S.W.2d at 163.

Here, the court had entered an order *ex parte* suspending appellee's obligation to pay child support. The parties were before the court on appellee's motion to amend that order to allow appellee to obtain the child support monies held in the court's

registry. While it cannot be argued that the court lacked jurisdiction to hold appellant in contempt or to modify its prior custody order, it is clear from the record that appellant was given no notice or opportunity to defend against these issues.

■ Furthermore, custody is not to be changed merely to punish or reward a parent, *Johnson* v. *Arledge*, 258 Ark. 608, 527 S.W.2d 917 (1975); *Carter* v. *Carter*, 19 Ark. App. 242, 719 S.W.2d 704 (1986), which is just what the chancellor, in his own words, did in this case. The primary consideration in a change of custody action is the welfare and best interest of the children. This record is devoid of any of the requisite proof. *See Carter* v. *Carter*, *supra*.

■ We conclude that it was error for each of these issues to be considered by the court in this proceeding, and we reverse that part of the order holding appellant in contempt and ordering a change in custody and remand the case for further proceedings not inconsistent with this opinion.

Reversed and remanded.

COOPER and JENNINGS, JJ., agree.