## Ray BEST *v.* Judy WILLIAMS

76-71                                                   537 S.W. 2d 793

Opinion delivered June 21, 1976
[Rehearing denied July 19, 1976.]

*Paul K. Roberts,* for appellant.

*John F. Gibson Jr.,* for appellee.

CONLEY BYRD, Justice. Appellant Ray Best and appellee Judy Williams were divorced November 11, 1972. In that decree appellee was awarded for life a one-third interest in 210 acres of land owned by appellant. Following her remarriage and the relinquishment of custody of the two children to appellant, appellee brought an action to partition the 210 acres. The trial court entered an order appointing commissioners to divide the lands in kind. For reversal appellant raises the issues hereinafter discussed.

We find no merit in appellant's contention that this partition action is prevented by the homestead laws, Ark. Const., art. 9, § 3. As pointed out in *Keesee* v. *Bushart,* 203 Ark. 668, 158 S.W. 2d 915 (1942), one may not claim the homestead exemption as to a claimant against whom he does not have an exclusive possessory right — *i.e.* a homestead exemption cannot be claimed in a partition suit against a co-tenant.

Appellant also complains that the trial court erred in consolidating the partition suit with the original divorce action. Since the divorce decree would not be conclusive of the right of appellee to a partition, we can find no prejudicial error that could result from the consolidation.

Appellant complains that the trial court erred in awarding the appellee in the original divorce action a one-third interest for life in the whole 210 acres instead of designating the specific property to which she was entitled. Not having appealed from that decision within the time permitted by law, the appellant is not now in a position to complain.

Affirmed.