Janice Ann GIDEON *v.* Eugene Chester GIDEON

CA 79-212                                      596 S.W.2d 367

Court of Appeals of Arkansas
Opinion delivered March 19, 1980
Released for publication April 9, 1980

*Lanny K. Solloway, P.A.,* for appellant.

*Richard N. Moore, Jr., of Dodds, Kidd & Ryan,* for appellee.

MARIAN F. PENIX, Judge. In December, 1976, the parties were involved in an altercation which led to the appellant's (Janice) leaving the state with their two minor children. She took the 8 year old daughter and 3 year old son to Florida. On January 7, 1977 the appellee (Eugene) sued for divorce. A warning order was issued and an attorney ad litem appointed. The attorney ad litem enclosed a certified receipt for his letter, which was signed by Janice Gideon upon a receipt of the complaint. A Florida detective also slipped a complaint under Janice's door at Janice's request; she would not open the door for him. Janice gave the complaint and summons to her Florida counsel. A hearing was held May 3, 1977 at which time Eugene was granted a divorce, the full proceeds of a savings account held jointly by the parties, and custody of the children. The Court also reduced the homestead to a tenancy-in-common. Janice did not respond to the complaint nor the summons, nor did she appear at the hearing. No appeal was taken from this decree.

In July, 1977, Janice filed a petition for divorce in Florida. On December 7, 1977, an order was entered by the Florida Court making the Arkansas decree of May 3, 1977, a judgment of the Court, and ordering Janice to surrender the children to Eugene. Both parties were present. No appeal was taken.

On March 3, 1978, Janice petitioned to vacate the May 3 decree. Two days of evidence were heard on December 6 and December 29, 1978. The Court found no showing of fraud, alleged by Janice, which would justify vacating, modifying or setting aside the May 3 decree. The Court found Janice had received personal service on the original complaint and summons and had failed to timely respond. The Court also found the awarding of the proceeds of the joint savings account to Eugene to be protected by the principle of res judicata. The Court allowed the custody of the children to remain with Eugene with restricted visitation allowed Janice. Janice appeals and alleges error in the Court's finding that res judicata was a bar for change of custody. and for vacating or modifying the decree. She also alleged error in the Court's failure to award her statutory interest in the parties' joint

savings account. Janice contends the visitation is unreasonable and unconscionable.

Janice relies upon *Keneipp* v. *Phillips,* 210 Ark. 264, 196 S.W. 2d 220 (1946) which provides:

> A judgment of a Court of one State awarding the custody of minor children in a divorce proceedings is not res judicata in a proceeding before a Court of another State, except as to facts and conditions before the Court on the rendition of the foreign decree. As to facts and conditions arising subsequently thereto, it has no controlling force, and the Courts of other States are not bound thereby.

*Keneipp* finds a prior judgment of a Court of one state is res judicata as to facts and conditions before the Court on the rendition of the foreign decree. *Keneipp* finds any additional facts and conditions which might arise after the rendition of the foreign decree have no controlling force on the Courts of other states.

In the instant case there were no subsequent facts or conditions shown. On December 7, 1977 there were two final orders of two separate courts, one in the state of Arkansas and one in the state of Florida, from which no appeal was ever taken.

From the record it appears Janice was constructively served. Whether the Arkansas trial court correctly found Janice had received personal service is an issue we need not address. Any defects in this service were cured by her appearance in the Florida court. It appears from the record she did not take the advice of her Florida counsel when he told her she must respond to the Arkansas divorce action. She chose to ignore the Arkansas proceeding. When the Florida court gave full faith and credit to the Arkansas decree she did not appeal.

The Court cited *Aldrich* v. *Aldrich,* 378 U.S. 540 (1964). This case held that when an erroneous judgment becomes final, it is conclusive, as any other, and is protected by the

common law principle of res judicata. The Court acknowledged it may have been mistaken in awarding the proceeds of the joint savings account to Eugene in their entirety, but indicated such an error of law, if any, could have been discovered had Janice participated in the original hearing, or if she had brought timely appeals.

Janice did not apply for a new trial within 15 days. She relies upon Ark. Stat. Ann. § 29-506 which allows vacating or modifying a judgment by the trial court after the expiration of the term of court if certain grounds are proved. Janice alleges fraud in obtaining the judgment. We find no evidence of fraud from the record. Janice acknowledged she was personally served in Florida, that she did retain a lawyer in Florida who in turn talked to W. J. Walker, an Arkansas lawyer.

> Where one has notice of the pendency of an action for divorce and fails to appear and defend, a motion to vacate the decree, will be denied where there is negligence or a lack of diligence shown. *McCormick* v. *McCormick*, 246 Ark. 348, 438 S.W. 2d 23 (1969); *Sariego* v. *Sariego*, 231 Ark. 35, 328 S.W. 2d 136 (1959).

The original decree of May 3, 1977 became a final judgment. It was not appealed to the Arkansas Supreme Court even though Janice had actual notice of the action more than 3 months prior to the time of the decree. The issues and orders of the decree cannot now be collaterally attacked. See *Taylor* v. *Taylor*, 153 Ark. 206, 240 S.W. 6 (1922).

Janice alleges the visitation with the children allowed her is unreasonable and unconscionable. The Court opined there is still an obvious threat Janice may attempt to take the children to another jurisdiction. Because of this threat he found the visitation between Janice and the children should be in the company of a neutral third party. The time and manner in which Janice is afforded visitation with her children is a matter better solved by the Chancellor.

Two long days of hearing evidence placed the Court in a position to judge the credibility of all the witnesses, to assess

the weight to be given to each witness and to make a finding as to what the visitation rights of Janice should be. The Court made this determination after carefully reviewing all the evidence. This appellate court finds no evidence which would cause us to modify the visitation rights from those awarded by the lower court.

Affirmed.