Larry Wayne NELSON *v.* Debra Jayne NELSON

CA 85-297 723 S.W.2d 849

Court of Appeals of Arkansas
Division I
Opinion delivered February 18, 1987

*William B. Blevins*, for appellant.

*Gregory E. Bryant*, for appellee.

MELVIN MAYFIELD, Judge. On January 14, 1984, the appellee filed a complaint for divorce against appellant. Although personal service was made on appellant, he failed to answer the complaint and failed to appear and defend against the allegations contained therein. On March 29, 1984, the court granted appellee a divorce and ordered appellant to pay all indebtedness owed by the parties to Sears Roebuck and J.C. Penney. The decree recited that the matter had been submitted to the court upon the testimony of the appellee and a witness on her behalf.

On March 18, 1985, almost a year after the divorce had been granted, appellee's attorney filed a motion asking that an order be issued requiring appellant to appear and show cause why he should not be held in contempt for failure to pay the debts as ordered in the divorce decree. On May 7, 1985, after a hearing before the chancellor, the appellant was held in contempt for failure to comply with provisions of the decree. From that order, appellant brings this appeal.

Appellant first argues that the decree of divorce is invalid because it imposed debt obligations on him granted by default judgment when the complaint did not give notice that appellee was seeking to impose these obligations upon him. He further argues that the court had no authority to hold him in contempt since appellee's motion for contempt citation was unverified and unaccompanied by an affidavit.

As to the first argument, it is true that the complaint for divorce filed by the appellee did not ask that the appellant be required to pay the debts to Sears and Penney. In fact, nothing was alleged about any debts, although the complaint did ask that the property rights of the parties be adjudicated. Therefore, it appears to have been erroneous for the chancellor to have ordered the appellant to pay these debts since a request for that relief was not specifically pleaded in appellee's complaint. *See Kerr* v. *Kerr*, 234 Ark. 607, 611, 353 S.W.2d 350 (1962), where the court said:

> The plaintiff's statement of her cause of action contains no reference to financial problems of any nature or kind. Nor does the complaint contain so much as a hint that any decree touching upon custody or support will be

sought. It is apparent from the pleadings here that the plaintiff was seeking but one thing — a divorce. This being true, she cannot enlarge and broaden the scope of the action to include matters foreign to her complaint upon the default in appearance by the defendant.

 However, the appellant was personally served with summons in the divorce action, he did not file an answer, did not appear at trial, and did not appeal from the decree of divorce. Thus, that decree became a final judgment and it was not until the chancellor cited him for contempt, more than a year later, that the appellant alleged error in the decree. When a judgment becomes final, it is protected by the common law principle of *res judicata*, and the findings and orders of the decree cannot later be collaterally attacked. *Gideon* v. *Gideon*, 268 Ark. 873, 596 S.W.2d 367 (Ark. App. 1980); *see also Taylor* v. *Taylor*, 153 Ark. 206, 240 S.W. 6 (1922). This is true even if the judgment is erroneous. *Gideon, supra.* Not having appealed from the decree of divorce within the time permitted by law, the appellant is not now in a position to complain about its provisions. *Best* v. *Williams*, 260 Ark. 30, 537 S.W.2d 793 (1976).

As to appellant's second argument, that the appellee's motion for contempt was unaccompanied by an affidavit and not verified, the appellant relies upon the case of *Hilton Hilltop, Inc.* v. *Riviere*, 268 Ark. 532, 534, 597 S.W.2d 596 (1980), where the court said:

> Unless the court initiates the proceedings on its own motion, however, any proceeding to punish for contempt committed outside the presence of the court must be initiated by an affidavit of a person who witnessed the contempt or otherwise has knowledge of it. *York* v. *State*, 89 Ark. 72, 115 S.W. 948 (1909); *CarlLee* v. *State*, 102 Ark. 122, 143 S.W. 909 (1912); *Ex Parte Coulter*, 160 Ark. 550, 255 S.W. 15 (1923); *Henderson, Sheriff* v. *Dudley, Chancellor, supra.*

268 Ark. at 534. In that case, the trial court had dismissed the petition for contempt without a hearing and the Arkansas Supreme Court said there was ample justification for that action. After setting out the general principle of law quoted above, the court explained:

In the case at bar, appellant initiated the proceeding by an unverified petition alleging contempt which was committed out of the presence of the court. Assuming that the factual allegations were legally sufficient to establish a prima facie showing of contempt, an issue we need not decide, appellant did not make the allegations by affidavit or otherwise provide the court with a sworn statement upon which the court was obliged to act. Although a court may initiate contempt proceedings on its own motion when presented with unverified allegations of constructive contempt, the court may summarily disregard such allegations if they are not made under oath.

268 Ark. at 534-35.

The cases cited in the above case also help make the issue clear. In *Ex Parte Coulter*, 160 Ark. 550, 255 S.W. 15 (1923), the attorneys for the appellant's former wife simply prepared a "notice" stating they would file a motion asking the court to hold the appellant in contempt, and the "notice" stated the motion would be presented to the court at a certain time. Even though the "notice" was served on the appellant, he did not appear at the stated time, and the court entered an order for the appellant to be taken into custody and confined in jail until he made past due child support payments. The appellant petitioned the Arkansas Supreme Court for certiorari to quash the trial court's order and the Supreme Court granted the relief requested. The court said the attorneys had no authority to require the appellant to appear in court to answer their charge that he was in contempt and that the notice to appear would have had to be given by the trial court.

■ Another case cited in *Riviere, supra*, is *Henderson v. Dudley*, 264 Ark. 697, 574 S.W.2d 658 (1978). *Henderson* pointed out that Ark. Stat. Ann. § 34-903 (Repl. 1962) merely requires, where the contempt is not committed in the court's presence, that the party charged be notified and have reasonable time to make his defense. After discussing prior cases, the court concluded:

Thus, it can be seen that this court has taken the position that an order of court setting out the charge, or statement thereof, containing the whole matter constituting the offense with which the alleged contemnor is

charged, is the equivalent of a supporting affidavit.
264 Ark. at 704-05.

■ The *Henderson* case was expressly reaffirmed in *Clark* v. *State*, 287 Ark. 221, 697 S.W.2d 895 (1985). The opinion in *Clark* also contains the following quotation from *CarlLee* v. *State*, 102 Ark. 122, 127, 143 S.W. 909 (1912), a case which was cited in the *Riviere* case:

> There must be an accusation before the accused can be notified of it, and there is no reason why the court in session can not recite that the matter offending has come to its knowledge, setting it out in an order, and direct a citation thereon to show cause.

■ The procedure described in the above quotation is exactly the procedure followed in the case at bar. The appellee's attorney filed a motion asking that an order be issued requiring appellant to appear and show cause why he should not be held in contempt for failure to pay the Sears and Penney debts as ordered by the divorce decree. An order to that effect was issued by the court and the record shows it was served on the appellant. The order contained an exact day and time for his appearance. On that day and at that time, he failed to appear. The court then found him in contempt and that order recites it was based upon the evidence heard by the court. While the evidence is not included in the transcript filed here, appellant does not question that point, and even if he did, where the testimony is not brought forward in the record, we must presume that it was sufficient to support the trial court's findings and order since it is the appellant's burden to provide us with a record that demonstrates the trial court was in error. *King* v. *Younts*, 278 Ark. 91, 643 S.W.2d 542 (1982).

Affirmed.

COOPER and JENNINGS, JJ., agree.