Billy Don KIBLER *v.* Tamarie (Tammy) A. KIBLER (now Hulett)

CA 88-266                                              766 S.W.2d 938

Court of Appeals of Arkansas
Division II
Opinion delivered March 15, 1989

*Kirkpatrick and Horan,* by: *Neal Kirkpatrick,* for appellant.

*Parker Law Firm,* by: *Patrick McCarty* and *Douglas W. Parker,* for appellee.

JAMES R. COOPER, Judge. For his appeal, the appellant, Billy Don Kibler, contends the chancellor erred in finding him in contempt for failing to pay child support for the month of December 1987 and in awarding the appellee judgment against him in the amount of $7,076.00, which was the indebtedness remaining on the appellee's Ford Bronco at the time it was traded on a 1986 Subaru. We affirm the trial judge's finding on the issue of child support, but we reverse and remand the $7,076.00

judgment awarded to the appellee.

The parties were divorced in August 1986, the appellee was awarded custody of the parties' minor daughter, and the appellant was ordered to pay child support of $175.00 per month. On February 3, 1988, the appellee filed a petition seeking to have the appellant held in contempt for his failure to make child support payments as ordered by the court and seeking to have her support increased. The appellant responded and counterpetitioned, denying that he had violated the court's order and seeking reimbursement for the monthly payments of $286.00 that he made toward the purchase of a 1986 Subaru for the appellee. After a hearing on the petitions, the chancellor found the appellant in contempt for nonpayment of child support for three weeks during the month of December 1987 and awarded the appellee judgment of $131.25. The chancellor also found the appellant in contempt for his failure to pay the sum of $7,076.00 to the appellee, the balance of the debt owed on the Ford Bronco at the time it was traded in on the Subaru, and gave the appellee judgment against the appellant for that amount. The judge further found the parties entered into an agreement to purchase a 1986 Subaru; that the Subaru had been repossessed; and that both parties were jointly and severally liable for any deficiency which might result from the foreclosure on the Subaru, over and above the $7,076.00 judgment the appellee has been awarded against the appellant.

On the issue of child support, the parties' divorce decree provides:

> [The appellant] shall be required to pay ONE HUNDRED SEVENTY FIVE DOLLARS ($175.00) per month in child support and shall in addition be responsible for the payment of extraordinary medical, hospital and dental expenses for the minor child. Child support payable on the 1st and 15th of each month. When the minor child is with the [appellant] for one week or more, child support shall be reduced to one-half, the same being EIGHTY SEVEN and 50/100 DOLLARS ($87.50). In the event [the appellee] wife should remarry, then child support shall be held in abeyance at any time that the [appellant] father has the minor child in his custody for one week or more.

The appellant asserts the trial court erred in finding him in contempt for nonpayment of child support during three weeks in December, and he relies on his interpretation of the divorce decree for this proposition. The appellant contends that, since the appellee had remarried and he had custody of the parties' daughter for one week during December of 1987, he was relieved of his obligation to pay child support for that entire month.

One seeking reversal of a chancellor's decree has the burden of demonstrating error in the chancellor's findings; and we will not reverse such findings unless they are clearly against the preponderance of the evidence. *Weber* v. *Weber*, 256 Ark. 549, 508 S.W.2d 725 (1974). The appellant did not offer any evidence in support of his interpretation of the decree, he only argues that the chancellor's interpretation is in error. The chancellor's finding was that the appellant's obligation to pay child support was only abated for each weekly period in which he had actual custody of the parties' child and not for the remainder of the month. There is no evidence in the record demonstrating that the chancellor's interpretation of the decree is clearly erroneous; therefore, his decision is affirmed. *See Pinkston* v. *Pinkston*, 278 Ark. 233, 644 S.W.2d 930 (1983).

The appellant also asserts that the trial judge erred in finding him liable for the payment of $7,076.00 to the appellee. The parties' divorce decree ordered the appellant to pay off the indebtedness due upon the Ford Bronco. In February 1987, the parties, apparently contemplating reconciliation, agreed to trade the 1985 Bronco toward the purchase of a 1986 Subaru vehicle, for which they both cosigned on the note. At the time of the trade $7,076.00 remained to be paid on the Bronco. The appellant made some of the monthly payments on the Subaru, but it was later repossessed by the finance company.

The appellant contends the parties' decision to buy the Subaru was an oral modification of their property settlement agreement and the chancellor was bound by the terms of the oral modification. We do not agree with this contention. This is not a situation in which the chancellor attempted to modify a property settlement agreement entered into by the parties and which was incorporated into the decree, nor is it a situation where the chancellor was attempting to interpret the parties' existing

property settlement agreement. There is no evidence in the record that a property settlement agreement was entered into by the parties; in fact, the appellee testified they did not enter into an agreement but that the divorce decree required the appellant to pay off the Bronco. Furthermore, the appellee disputes the appellant's contention that the parties agreed to a modification of this provision in the decree. The appellee testified that it was the appellant's idea to buy the Subaru, that it was to be a gift to her, and that the appellant was going to make the payments.

The divorce decree clearly ordered the appellant to pay off the indebtedness represented by the Ford Bronco. The divorce decree provided that "[appellee] shall further receive the 1985 Bronco vehicle and the [appellant] shall pay the indebtedness due upon said motor vehicle." There is no evidence in the record to suggest that the chancellor's intent was other than to order the appellant to be responsible for a marital debt. We do not agree with the appellant that this marital debt was extinguished when the Ford Bronco was traded on the Subaru, but we find that the debt was merely transferred to another vehicle. We agree with the appellant's contention, however, that he should be given credit against the $7,076.00 debt for the amount of payments he has made toward reducing the debt on the 1986 Subaru.

We hold that the chancellor was correct in finding the appellant liable for payment of a marital debt, which was secured by the Ford Bronco, but we also hold he erred in not offsetting that debt by the payments the appellant has made toward the 1986 Subaru. Because the record before us is not sufficiently developed so that we can determine that amount, we reverse and remand for a determination of this amount and a finding that the appellant is liable to the appellee in monthly payments of $278.00 until the $7,076.00 marital debt, less the amount of payments the appellant has made toward the Subaru, is paid in full.

Affirmed in part; reversed and remanded in part.

CORBIN, C.J., and ROGERS, J., agree.