Lawrence FORD *v.* Margaret FORD

CA 89-194 783 S.W.2d 879

Court of Appeals of Arkansas
Division II
Opinion delivered February 14, 1990

*David C. Shelton*, for appellant.

*A. Jan Thomas, Jr.*; and *Sloan, Rubens, Peeples & Coleman*, by: *Kent J. Rubens*, for appellee.

JUDITH ROGERS, Judge. This appeal arises from a post-divorce action wherein the appellant was held to be responsible for the payment of alimony and accrued arrearages resulting from this obligation. On appeal, the appellant contends that the chancellor lacked the authority to modify the decree of divorce

and further claims error in the chancellor's award of judgment for the arrearages. We affirm the decision of the chancellor.

The parties were divorced by decree of April 4, 1984, after thirty-three years of marriage. The appellant had retired upon twenty-one years of service from the United States Air Force, effective December 24, 1965, and was receiving benefits therefrom. Paragraph XIII of the decree recited:

> That the Plaintiff, Margaret Ford, is awarded pursuant to the Uniformed Services Former Spouses Protection Act an amount equal to 1/3 (33.33%) of the disposable retired pay to which Defendant, Lawrence Ford, is entitled to receive for military service.

No appeal was taken from the decree. On September 22, 1986, appellee filed a Petition to Show Cause on grounds not pertinent to this appeal; however, in her motion, she requested disclosure of the amount appellant was then receiving in retirement benefits. Until that time, it appears that appellant had been making payments in compliance with this provision of the decree. In his response to appellee's petition, dated October 2, 1986, appellant alleged that his payments should be reduced because the sums attributable to his 40% disability upon retirement were not "disposable retired pay" under the Uniformed Services Former Spouses Protection Act. Appellant ceased making payments in November of 1986.

A hearing in which all issues were joined was held on August 5, 1987, before the same chancellor who rendered the decree of divorce. At that time, with reference to the Uniformed Services Former Spouses Protection Act, 10 U.S.C.A. § 1408 (1983), appellant argued that he was under no obligation to pay any funds or monies since his retirement pay was due to disability. The chancellor rendered his decision by letter of September 1, 1987, and found that the provision was intended as an award of alimony by which the retirement benefits received by appellant were used only as a measure for determining the specific, monthly amount appellee was entitled to receive. After various motions were filed by the parties, the Court issued a Memorandum Opinion on June 6, 1988, and from this opinion his rulings were reduced to order form and filed of record on February 8, 1989. The chancellor made the following findings pertaining to the award of alimony:

4. The Court by its Decree of April 4, 1984, awarded the Plaintiff a specific amount of money to be paid by Defendant; that the amount so awarded was to be equal to 1/3 of the income the Defendant derived from military retirement; that the verbiage contained in the Decree "pursuant to the Uniform Services Former Spouses Protection Act" was included, correctly or incorrectly, and approved by Defendant, as a means of determining the specific amount to be paid by Defendant and not as an award of 1/3 of his retirement benefits but of an amount equal to 1/3 of benefits received; that failure to denominate such award as "alimony" was and is of no consequence; that no appeal was taken from such award or objection made by Defendant, and he is not now in a position to object to an order made four (4) years previously.

The chancellor granted appellee judgment for $3,012 for past due arrearages, but did not hold appellant in contempt for the nonpayment of this obligation.

As his first issue on appeal, the appellant argues that the chancellor lacked the authority to modify the decree after ninety days pursuant to Ark. R. Civ. P. 60(b). It is the appellant's contention that the chancellor's order effectively modified the decree by changing this provision from a division of marital property to an award of alimony. We cannot agree.

 Rule 60(b) of the Arkansas Rules of Civil Procedure limits a trial court's authority to modify a decree to a period of 90 days after it has been filed with the clerk. *Reves* v. *Reves*, 21 Ark. App. 177, 730 S.W.2d 904 (1987). However, this rule is not applicable where the court simply attempts to correct the record to more accurately reflect its original ruling. *McGibbony* v. *McGibbony*, 12 Ark. App. 141, 671 S.W.2d 212 (1984). Our appellate courts have long recognized the inherent power of the courts of this state to enter orders correcting their judgments where necessary to make them speak the truth and reflect actions accurately. *Id.* As revealed in his Memorandum Opinion and subsequent order of February 1989, we regard the chancellor's action as a clarification of the award that was originally intended, and not a modification of the decree. Other than his bare assertion that the provision was a division of his military retirement pay

upon divorce, appellant has presented no evidence demonstrating that the chancellor's interpretation is clearly erroneous. To the contrary, the record reflects that the parties were divorced after a lengthy marriage and the appellee testified that after the divorce she had to go back to school in order to support herself and their daughter. In addition, the amount appellee was to receive is indicative of this intent. The award was calculated as 1/3 of the amounts received, rather than the greater amount represented by 1/2 of a fractional share of the benefits, the method that is typically used when dividing retirement pay as a marital asset. Thus if this had been a division of property, the result would have been an unequal division; the decree is noticeably silent with regard to reasons supporting such a disposition as is required by Ark. Code Ann. § 9-12-315 (Supp. 1989). *See Harvey* v. *Harvey*, 295 Ark. 102, 747 S.W.2d 89 (1988).

One seeking the reversal of a chancellor's decree has the burden of demonstrating error in the chancellor's findings, and the appellate court will not reverse such findings unless they are clearly against the preponderance of the evidence. *Kibler* v. *Kibler*, 27 Ark. App. 77, 766 S.W.2d 938 (1989). Based on this record, we cannot say that the chancellor's interpretation of the decree is clearly wrong.

Secondly, appellant argues that the chancellor erred in awarding judgment to the appellee for arrearages. In making this argument, the appellant contends, as he did at the hearing, that he has no "disposable retired pay" according to the Uniformed Services Former Spouses Protection Act as his retirement was based on disability. We find no merit in this argument for the reason that the chancellor, in clarifying the decree, determined that the amount of alimony was based on the monthly income that appellant actually received as retirement pay. Appellant did not take an appeal from the decree, and acknowledged at the hearing that this was the amount he had been paying since the decree was entered. Thus, the interpretation of the court was consonant with appellant's conduct.

Not having appealed from the decision within the time permitted by law, the appellant is not now in a position to complain. *Best* v. *Williams*, 260 Ark. 30, 537 S.W.2d 793 (1976). When a judgment becomes final, it is protected by the common

law principle of *res judicata*, and the findings and orders of the decree cannot later be collaterally attacked, even if the judgment is erroneous. *Nelson* v. *Nelson*, 20 Ark. App. 85, 723 S.W.2d 849 (1987); *Gideon* v. *Gideon*, 268 Ark. 873, 596 S.W.2d 367 (Ark. App. 1980). A decree of alimony is *res judicata* on the circumstances prevailing at the time of the decree as to everything which might have been litigated when the divorce was granted. *Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980).

In this case, the decree was entered on April 4, 1984, and the appellant did not pursue this claim until late in 1986. There was no appeal from that decree which became conclusive except to the extent that changed conditions may have arisen. Neither we, nor the appellant, can now question the propriety of this award or the manner in which the amount of alimony was calculated.[1]

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.

---

[1] We are not unmindful of the Supreme Court's recent decision of *Mansell* v. *Mansell*, 109 S.Ct. 2023 (1989). However, we have respectfully determined that appellant is now precluded from raising these issues by reason of *res judicata*.