Earnest MURRY *v.* Erma MASON

CA 92-1441                                        852 S.W.2d 830

Court of Appeals of Arkansas
En Banc
Opinion delivered May 12, 1993

*Edwin A. Keaton*, for appellant.

*Richard L. Proctor*, for appellee.

JAMES R. COOPER, Judge. The appellee in this civil case filed a petition to quiet title to property originally owned by the parties as tenants by the entirety. The chancellor denied the appellee's petition, holding that the property was incapable of division in kind and ordering that it be sold. After payment of costs and attorney's fees, the proceeds were to be used to reimburse the appellee for the mortgage and tax payments she had made since December 14, 1983; any remaining proceeds were to be divided equally between the parties. The chancellor also awarded the appellee an attorney's fee of $1,000.00. The appellant brings this appeal from the chancellor's distribution of the proceeds. The appellee cross-appeals the denial of her quiet title petition. We find merit in the appellee's argument on cross-appeal and reverse and remand.

The appellee sued the appellant for divorce on October 24, 1983. In her complaint, the appellee alleged that "[t]here is property in dispute, which will require distribution by the court." The appellant was duly served with the complaint but failed to answer. On December 14, 1983, the chancellor awarded the appellee a decree of divorce. In the decree, the chancellor held that "the home formerly occupied by the parties in Earle, Arkansas, was and is the sole, absolute property of the appellee, and the appellant has no interest in said property of any nature." The appellant received a copy of this decree several days after it was entered but did not appeal. Thereafter, the appellee and the parties' minor children continued to occupy the Earle property, and the appellee paid all the taxes and mortgage payments on the property as well as made improvements to the property. On March 1, 1992, the appellee petitioned the Crittenden County Chancery Court to quiet title to the Earle property in her, alleging that she had acquired absolute title to the property by a decree of divorce, entered December 14, 1983. The appellant denied that the appellee was entitled to have title quieted in her and counterclaimed, alleging that the Earle property was owned by the parties as tenants by the entirety until their divorce, at which time their ownership converted to a tenancy in common. The appellant prayed that the property be sold and the proceeds divided according to the interests of the parties.

At trial, the appellee argued that title to the property should be quieted in her under four separate theories: res judicata, adverse possession, estoppel, and laches. The appellant argued that the chancellor did not have the authority to award property held as tenants by the entirety solely to the appellee as her separate property and, therefore, the award was void and owner-ship of the property was converted to a tenancy in common. The appellant's attorney further argued that the divorce decree did not apply to the Earle property.

■ Under the claim preclusion aspect of the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Daley* v. *City of Little Rock*, 36 Ark. App. 80, 82, 818 S.W.2d 259, 260 (1991). Res judicata bars not only the re-litigation of claims which were actually litigated in the first suit but also those which could have been litigated. *Id*. The doctrine of res judicata applies only when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question; *Cater* v. *Cater*, 311 Ark. 627, 632, 846 S.W.2d 173, 175-76 (1993); however, a judgment by default is just as binding and enforceable as a judgment entered after a trial on the merits in a case, and a defense not presented before the entry of a default decree is barred by the doctrine of res judicata. *Williams* v. *Connecticut Gen. Life Ins. Co.*, 26 Ark. App. 59, 61, 759 S.W.2d 815, 817 (1988).

The appellant admitted at trial that he had been timely served with the appellee's complaint for divorce and that he received a copy of the final divorce decree several days after it was entered. The appellant testified that he recalled being served with the divorce complaint and that the complaint stated there was property in dispute which would require distribution by the court. He stated that the parties had some personal property but the house was the only real property they owned. He testified that he had read the provision in the divorce decree awarding the Earle property to the appellee but stated he did not believe it because he knew his name was on the deed. Although he admitted that the divorce decree stated he had no interest in the property and he knew that the property had been awarded to the appellee, he

testified that he did not appeal the divorce decree nor did he attempt to bring the matter up before the court. The evidence reflected that, after the parties were divorced, the appellant was back in court on several occasions for arrearages in his child support obligation and for his petition to change custody.

We agree with the appellee that the doctrine of res judicata barred the appellant from asserting a claim to the property. The evidence is undisputed that appellant was properly served with the summons and complaint in the divorce action, he did not file an answer, he did not appear at trial, and he did not appeal from the divorce decree even through he had notice that it awarded the Earle property to the appellee as her sole property.

Arkansas Statutes Annotated § 34-1215 (Supp. 1985), which controlled the dissolution of estates by the entirety at the time of the parties' divorce, provided that, when a chancery court in this state renders a final decree of divorce, any estate by the entirety in real property held by the parties to the divorce shall be automatically dissolved unless the court order specifically provides otherwise and, in the division and partition of said property, parties shall be treated as tenants in common. Although the chancellor may have erred in awarding the property to the appellee as her sole property, his decision was not outside the jurisdiction of the chancery court and could not be collaterally attacked. When a judgment becomes final, it is protected by the common law principle of res judicata, and the findings and orders of the decree cannot later be collaterally attacked, even if the judgment is erroneous. *Ford* v. *Ford*, 30 Ark. App. 147, 151-52, 783 S.W.2d 879, 881 (1990); *Nelson* v. *Nelson*, 20 Ark. App. 85, 87, 723 S.W.2d 849, 850 (1987); *Gideon* v. *Gideon*, 268 Ark. 873, 875-76, 596 S.W.2d 367, 368 (Ark. App. 1980). The appellant did not appeal the decree of divorce within the time permitted by law. He therefore should not have been allowed to challenge the appellee's ownership of the property eight years later, and the appellee's petition for quiet title should have been granted.

Because we are reversing on the appellee's cross-appeal, the appellant's issue on appeal is rendered moot, and we need not

address that issue. The judgment of the chancellor is reversed and remanded with instructions to enter a decree consistent with this opinion.

Reversed and remanded.

PITTMAN, J., not participating.