Cite as 2024 Ark. App. 524

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-469

| | |
|---|---|
| CLIFFORD W. CHRISTIAN AND KAREN D. CHRISTIAN | Opinion Delivered October 30, 2024 |
| APPELLANTS | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CV-17-363] |
| V. | |
| SWO PROPERTIES, INC., AN ARKANSAS CORPORATION DOING BUSINESS IN BOONE COUNTY, ARKANSAS | HONORABLE JOHNNIE A. COPELAND, JUDGE |
| APPELLEE | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellants Clifford W. Christian and Karen D. Christian ("Christians") appeal the decision of the Boone County Circuit Court in favor of SWO Properties, Inc. ("SWO"), finding them in contempt for failure to vacate the subject property on February 1, 2021.

On October 25, 2002, the Christians entered into a contract of sale with Robert Domme to purchase a residence located at 1267 Hawkins Drive, Harrison, Boone County, Arkansas. Domme was also sole owner of separate appellee SWO. SWO purported to be the successor in interest to Domme's interest, rights, and title in the property and contract. Robert Domme passed away in February 2009. On December 13, 2013, the Christians filed an emergency petition in Chapter 13 bankruptcy. On November 24, 2014, the bankruptcy court entered an agreed order modifying the contract for deed. In 2015, after the Christians

had failed to honor an agreed payment schedule set by the bankruptcy court, SWO asked for and received a relief from stay from the bankruptcy court on October 17, 2017, and the stay was lifted in the bankruptcy case. The case then reverted to the Boone County Circuit Court.

On December 14, 2017, SWO filed an unlawful detainer ("First Case") against the Christians, alleging a material breach of agreement with SWO. The Christians filed an answer, alleged affirmative defenses, and moved to dismiss. There was a hearing on March 14, 2018, and the Christians were ordered to make monthly payments of $622.00 during the pendency of the action.

SWO filed a petition for citation of contempt on July 8, 2019, because the Christians had failed to make any court-ordered payments. On July 23, 2019, the Christians filed a petition to quash the petition for citation of contempt, and they filed an answer and counterclaim on July 24, 2019. On July 29, a hearing was held on SWO's contempt petition against the Christians for failure to pay monthly payments as ordered. The court entered a temporary payment order on August 5, 2019, directing the Christians to pay monthly into the court registry where the funds were to remain until a final hearing on the issues. The circuit court found that the Christians had failed to pay SWO as ordered by the court on March 14, 2018, and they were currently behind in the amount of $6,842. The Christians were ordered to pay SWO $777.50 a month, commencing August 1, 2019, which represented $622.00 for rent plus $155.50 for 25 percent of the monthly rental value to be applied to the arrears.

On November 19, 2020, the circuit court entered an order of ejectment, ordered the release of rental payments to SWO, and granted SWO judgment for payments either paid late or not at all by the Christians. In addition, the court awarded SWO judgment for unpaid rent due for September, October, and November 2020 in the sum of $2,332.50. The order left blank the date that the Christians had to vacate the premises.

On November 23, 2020, the circuit court entered an amended order of ejectment, the release of rental payments to SWO, and granted judgment for the missed payments and for rent through January 2021, and denied all outstanding claims or motions not specifically addressed therein upon proof that the Christians had not made payments as ordered. The trial court also ordered the Christians to vacate the property before February 1, 2021. The motion for reconsideration and vacate by the Christian's was not ruled on and was deemed denied after thirty days pursuant to Ark. R. App. P.–Civ. 4(b)(1).

The Christians did not appeal the November 23, 2020 order, continued to refuse to make the monthly payments as ordered, in the amount of $622.00 and did not move out of the residence by February 1, 2021. Thereafter, the circuit clerk was ordered to release the $10,127.50 in its registry to SWO; SWO was also awarded a judgment against Clifford and Karen Christian for not paying the ordered payments for September, October, November, December 2020, and January 2021, payments for a judgment of $3,875.00.

On September 7, 2020, while the unlawful-detainer action was pending, the Christians filed a case against SWO for fraud and misrepresentation; declaratory judgment and slander of title; and conversion of property, and they named additional defendants.

(Second case) On August 31, 2021, the circuit court dismissed the second case with prejudice against SWO and all other named parties and denied the Christians' motion to consolidate and stay unlawful detainer. The circuit court's dismissal of the fraud case was based on the doctrine of res judicata, not on a determination of whether the facts and evidence presented left material facts in dispute pursuant to Ark. R. Civ. P. 56.

The Christians appealed from the August 31, 2021 order dismissing the second case with prejudice in favor of SWO; Carol Norton, individually, as personal representative of the estate of Robert W. Domme and as trustee of the Robert W. Domme Living Trust; and Stephanie Shriner d/b/a Lakeland Escrow Title and Services. In their appellant's brief, the Christians argued that the circuit court erred in that the order entered in the first case was (1) not a final, appealable adjudication on the merits as required for the application of res judicata; (2) dismissing the instant case with prejudice by finding that the order in a previous action was a final judgment on the merits with the same issues between the same parties; (3) depriving appellants of due process; and (4) denying appellants a full and fair opportunity to be heard before an impartial tribunal. The Christian filed an appeal reported in *Christian v. SWO Properties, Inc.*, 2023 Ark. App. 265, 667 S.W.3d 556. This court affirmed the circuit court's order dismissing the second case with prejudice.

On May 26, 2021, SWO filed a motion for contempt and for an order to show cause against the Christians alleging the Christians had intentionally and willfully disobeyed and failed to comply with the circuit court's order in the first case by failing to vacate the subject property before February 1, 2021, and continuing to reside in the residence and were in

4

violation of the November 23, 2020 order. The circuit court signed an order to show cause, and the Christians were served with the motion and order. A hearing was held on September 20, 2021. In the contempt hearing, the circuit court received testimony, took evidence, heard arguments of counsel, and extended a ten-day deadline for posttrial briefs by both parties. On April 15, 2022, the court issued it order finding the Christians in willful contempt for failure to vacate the residence on or before February 1, 2021, as ordered in the November 23, 2020 order. The court found that the order was definite and clear as to the Christians' duties to move from the property on or before February 1, 2021, and make the previously ordered monthly payments. The circuit court then ordered the Christians to comply with the November 23, 2020 order to vacate the property by August 1, 2022. Additionally, the circuit court entered judgment in favor of SWO for the monthly rental value of the property beginning on February 1, 2021, to August 1, 2022, at the rate previously assessed in the August 5, 2019 order, $622.00 per month, for a total of $11,196.

The Christians filed a timely notice of appeal from that order. On October 5, 2022, this court granted an emergency order to stay execution of the April 15, 2022 order and approved a supersedeas bond. SWO was commanded to stay proceeding on the judgment, decree, or order appealed from. On May 1, 2024, this court ordered rebriefing because of deficiencies in the briefs submitted by the parties. This case now returns to this court after rebriefing.

On May 26, 2021, SWO filed a motion for order to show cause against the Christians, alleging they were in violation of the November 23, 2020 order by failing to vacate the

5

residence and by not paying rental payments as ordered. The Christians were served with the motion and order setting a time and place for the contempt hearing. After the Christians were served with the motion for contempt, they filed a brief opposing the motion for contempt. On September 20, 2021, a hearing on the motion for contempt was held. The circuit court granted SWO's motion for contempt and ordered the Christians to vacate the residence on or before August 1, 2022, and to pay to SWO the sum of $11,196 for past-due rent. They argue the court erred in finding them in contempt for four reasons: (1) the court's issuance of a show-cause order was invalid because SWO did not attach a verified affidavit stating the allegations against them, (2) the court could not hold a contempt hearing without first issuing a writ of possession, (3) the November 23, 2020 order was not a final order, and (4) they did not willfully disobey the court order.

We will not reverse a circuit court's finding of civil contempt unless that finding is clearly against the preponderance of the evidence." *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 449, 156 S.W.3d 228, 234 (2004). A finding is clearly against the preponderance of the evidence if, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Wyatt v. Wyatt*, 2018 Ark. App. 149, at 6, 541 S.W.3d 504, 507. Issues of credibility, however, are for the fact-finder. *Cherry v. Cherry*, 2021 Ark. 49, 617 S.W.3d 692. The willful disobedience of a valid order of a court is contemptuous behavior. *Omni Holding*, 356 Ark. 440, 156 S.W.3d 228; *Allison v. DuFresne*, 340 Ark. 583, 12 S.W.3d 216 (2000). Before one can be held in contempt for violating a court order, the order must be definite in its terms

6

and clear as to what duties it imposes. *Ark. Dep't of Health & Hum. Servs. v. Briley*, 366 Ark. 496, 237 S.W.3d 7 (2006).

For their first argument, the Christians argue that Arkansas case law requires the circuit court to dismiss a motion for contempt that does not contain an affidavit verifying the allegations of the petition. *York v. State*, 89 Ark. 72, 115 S.W. 948 (1909); *Hilltop, Inc. v. Riviere*, 268 Ark. 532, 597 S.W.2d 596 (1980) (the court may summarily disregard such allegations if they are not made under oath). The Christians argue that *Riviere* requires that a verified affidavit of the allegations for contempt must be filed with the court before an order to show cause can be issued. A case cited in *Riviere*, *supra*, is *Henderson v. Dudley*, 264 Ark. 697, 574 S.W.2d 658 (1978). *Henderson* does not adhere to the rigid rule argued by the Christians requiring a verified affidavit be filed with the motion for contempt or the motion be dismissed. In *Henderson*, the Arkansas Supreme Court held that an order of the court setting out the charge, or statement thereof, containing the whole matter constituting the offense with which the alleged contemnor is charged is the equivalent of a supporting affidavit. In this instance, SWO did not provide a verified affidavit attached to its motion for order of contempt. The circuit court found there was no need to file an affidavit with the motion for contempt in this case. We agree. This court has held on many occasions that the primary concerns for a circuit court to consider are that the alleged contemnors have notice of the contempt allegations, that they be fully informed of the allegations of contempt, and that they have the opportunity to defend themselves. *P.J. Transp., Inc. v. First Serv. Bank*, 2012 Ark. App. 292. In *P.J. Transportation*, the court found, "We agree with the trial court's

assessment of what the cases relied upon by appellants hold with respect to verified petitions and affidavits—they are not essential in every situation before a court may move forward on a petition for contempt. Rather, the primary concerns for a trial court to consider are that the alleged contemnors have notice of the contempt allegations, that they be fully informed of the allegations of contempt, and that they have the opportunity to defend themselves. *Id.* at 4–5. Here, the Christians were served with the motion for order of contempt that set forth the allegations against them, they filed a comprehensive brief denying the allegations in the motion, and they appeared with counsel to defend the allegations in the motion. We find that the circuit court's ruling that no affidavit was required for the court to issue a show-cause order was not clearly against the preponderance of the evidence.

Second, the Christians argue they cannot be found in contempt of an order for ejectment in an unlawful detainer because they were not properly served by the Boone County Sheriff with a writ of possession issued by the circuit clerk, which they argue is required before a motion for contempt can lie. The Christians cite no authority for this assertion but only referred the court to the unlawful-detainer statutes found in Arkansas Code Annotated sections 18-60-301 et seq. (Repl. 2015 & Supp. 2023) and sections 18-16-101 et seq. (Repl. 2015 & Supp. 2023), none of which support their argument. This court will not consider the merits of an argument if the appellant fails to cite any convincing legal authority in support of that argument and it is otherwise not apparent without further research that the argument is well taken. *Ouachita Trek & Dev. Co. v. Rowe*, 341 Ark. 456, 17 S.W.3d 491 (2000); *Matthews v. Jefferson Hosp. Ass'n*, 341 Ark. 5, 14 S.W.3d 482 (2000). In

8

this case, SWO chose to file a motion for contempt to obtain relief rather than seek a writ of possession. Karen Christian testified that it was her understanding that the law required her to be served with a writ of possession by the Boone County Sheriff's Office before she was required to move from the residence. Arkansas law does not require a writ of possession to be issued as a preliminary matter prior to a motion for contempt. *Fox v. Fox*, 2021 Ark. App. 416 (allowed contempt in divorce proceeding prior to final judgment). Ignorance of the law is not an excuse to disregard a clear and valid order from the court. It is an established rule that everyone is presumed to know the law; and the maxim, *ignorantia juris non excusat*, is applicable to civil as well as criminal jurisprudence. *State v. Paup*, 13 Ark. 129 (1852); *Conlee v. Conlee*, 370 Ark. 89, 257 S.W.3d 543 (2007) (belief that order was stayed does not relieve party from duty to obey). A writ of possession merely provides a method to aid in the removal of a recalcitrant occupant of premises to which a court has ordered the occupant to vacate. It is the inherent power of the court to have its orders obeyed. We find that the November 23, 2020 order was both definite and the duty of the Christians was clear and that the Christians willfully disobeyed the order of the court.

The Christians, in their third point that the order of contempt was erroneous, argue that there was not a final order in the unlawful-detainer case. The Christians challenge the finality of the order entered in the previous suit, arguing the order contemplated further action by a party and by the court and is not a final, appealable order. The Christians also argue that the order is not final because the court "contemplated a final hearing on jurisdictional issues and merits at a future date" when it held, "It is further ordered that if

9

the subject property is damaged, SWO is allowed to bring the repairs and costs to the Judge's attention for further action against them." In *Moore v. Moore*, 2016 Ark. 105, 486 S.W.3d 766, the parties' divorce decree directed them to come to an agreement and, in the event they could not reach an agreement, required them to return to court for an order for the property to be sold by the clerk. The Arkansas Supreme Court held that the divorce decree was a final, appealable order because, while it provided an enforceable judicial resolution in the event the parties were unable to reach an agreement in the specified time period, it did not include language *requiring* the parties to return to court for further judicial action. As in *Moore*, the November 23, 2020 order entered in the unlawful-detainer suit between these litigants was a final, appealable order because it addressed the issues presented by the parties and reserved no issues for later determination. It simply allowed an avenue for judicial resolution of damages if the future need arose. The November 23, 2020 order stated, "All claims and motions not specifically addressed herein are hereby denied." This served to extinguish all outstanding claims, counterclaims, and pending motions and ended the litigation, thus making it a final, appealable order. *Christian*, 2023 Ark. App. 265, 667 S.W.3d 556. An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Yafai Inv., Inc. v. Naser*, 2022 Ark. App. 346, 652 S.W.3d 617. When a judgment becomes final, it is protected by the common-law principle of res judicata, and the findings and orders of the decree cannot later be collaterally attacked. *Christian*, *supra*. The Christians' December 2, 2020 motion to reconsider and vacate was deemed denied on

January 3, 2021, after thirty days had expired when the circuit court did not grant or deny the motion pursuant to Ark. R. App. P.–Civ. 4(b)(1).  Not having appealed from the order within the time permitted by law, the Christians are not now in a position to complain about its provisions.  *Best v. Williams*, 260 Ark. 30, 537 S.W.2d 793 (1976); *Nelson v. Nelson*, 20 Ark. App. 85, 723 S.W.2d 849 (1987).  Further, this court ruled the November 23, 2020 order was a valid, final order in *Christian*, 2023 Ark. App. 265, 667 S.W.3d 556.  The November 23, 2020 order decided the rights of the parties and ended the litigation; there were no outstanding claims, counterclaims, or pending motions, and it ended the litigation, thus making it a final, appealable order.  Therefore, the order was final for purposes of appeal even though it provided for an alternate resolution of damages should the need arise.

The Christians raise a fourth point on appeal, asserting that the circuit court's determination that their contempt was willful was not supported by substantial evidence. Substantial evidence has been defined as valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion and force the mind to pass beyond conjecture.  *Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 994 S.W.2d 456 (1999) (citing *McQuay v. Ark. Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999); *Bohannon v. Ark. Bd. of Nursing*, 320 Ark. 169, 895 S.W.2d 923 (1995)).  The challenging party has the burden of proving an absence of substantial evidence.  *Smith, supra.*  This court must next determine if the facts presented as evidence on September 20, 2021, constitute willful and intentional contempt of the November 23, 2020 order.  In order to establish civil contempt, there must be willful disobedience of a valid order of a court.  *Applegate v.*

*Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008). Disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt, and punishment for such contempt is an inherent power of the court. *Balcom v. Crain*, 2016 Ark. App. 313, 496 S.W.3d 405; *Brock v. Eubanks*, 102 Ark. App. 165, 288 S.W.3d 272 (2008). However, before one can be held in contempt for violating the circuit court's order, the order must be definite in its terms and clear as to what duties it imposes. *Applegate*, *supra*. The circuit court found that the November 23, 2020 order required a specific action by the Christians and was definite and clear as to the duty it required of them. They were ordered to move out of the residence by a date certain, February 1, 2021, and to make rental payments into the registry of the court in an amount previously set while they remained in the property. In her testimony, Karen Christian testified that she had seen the order and that she was aware the order told her and her husband to "get out" and admitted that she and her husband were behind on the court-ordered rental payments before the contempt petition was filed. The correct procedure for challenging an order that the parties or their counsel do not agree with is to file posttrial motions, as described above, or to engage in the appellate process. The circuit court found that the Christians were in willful contempt of the November 23, 2020 order. The Christians also argue the circuit court committed reversible error by granting SWO's motion for contempt, ordering them to pay SWO the sum of $11,196, and ordering them to surrender possession of the residence by August 1, 2022. However, "in contempt cases, the trial court has discretion to fashion the punishment to fit the circumstances." *Omni Holding*, 356 Ark. at 455, 156 S.W.3d at 239 (contempt for

12

violation of order of delivery failure to deliver aviation property as ordered) (citing *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 782 (8th Cir. 1987)). The punishment incurred in the finding of contempt is an extension of the November 23, 2020 order requiring the Christians to vacate the residence by August 1, 2021, and pay the court-ordered payments that totaled the $11,196. We find that the circuit court's ruling that the Christians' failure to obey the circuit court's order was willful disobedience was not clearly against the preponderance of the evidence.

The Christians continue to argue that certain issues were not decided in the unlawful-detainer case. These issues include a failure to allow discovery and to have their pending motions in that case heard, including jurisdictional issues, and that they are entitled to a trial on the merits. Res judicata means that "a thing or matter has been definitely and finally settled and determined on its merits by a court of competent jurisdiction." *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 544, 231 S.W.3d 628, 635 (2006) (quoting *Hunt v. Perry*, 355 Ark. 303, 310, 138 S.W.3d 565, 659 (2003)). Res judicata is an affirmative defense that promotes finality in litigation. Ark. R. Civ. P. 8(c) (2019); *Mason v. State*, 361 Ark. 357, 206 S.W.3d 869 (2005). The purpose of the res judicata doctrine is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. To the extent appellants argue that the order lacks finality because outstanding motions and issues remained and no writ of possession was ordered, issued, or executed, we find no merit. The order in the unlawful-detainer action stated, "All claims and motions not specifically addressed herein are hereby denied." This served to extinguish all

13

outstanding claims, counterclaims, and pending motions and ended the litigation, thus making it a final, appealable order. *Christian*, *supra*. In light of the foregoing analysis, we find that these issues were the subject of the November 23, 2020 order dismissing all the Christians' motions and claims and that those issues are barred by res judicata.

The Christians also raise the following arguments: (1) that the circuit court erred when it failed to require the attendance of Carol Norton as a witness in the contempt hearing, violating their due-process right to confront an adverse witness; (2) that the contempt motion was not ripe for hearing; (3) that they were entitled to a new trial and change of venue; and (4) that the court had shown bias. These issues were either not raised by the Christians or not ruled on by the circuit court. The failure to obtain a ruling on an issue, even a constitutional one, precludes our review on appeal. *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004) (explaining that failure to obtain a ruling precludes review of an issue because, under appellate jurisdiction, this court is limited to reviewing a ruling or order of a lower court). When a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. Because the Christians did not obtain a ruling on the constitutional aspect of this argument as presented on appeal or on the other issues raised in this appeal, we are precluded from addressing the merits of the Christians' constitutional due-process challenge as well as the other issues on appeal. *See id.*; *Gwin*, 357 Ark. 623, 184 S.W.3d 28; *Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, 425 S.W.3d 718.

14

Affirmed.

GRUBER and MURPHY, JJ., agree.

*Teresa J. Olson*, for appellants.

*Watson Law Firm of Harrison*, by: *Mercedes L. Watson*, for appellee.